# Farran *v.* Curtis Publishing Co. et al., Appellants.

*Workmen's compensation—Evidence—Review—Act of June 26, 1919, P. L. 642.*

1. Under the Act of June 26, 1919, P. L. 642, it is the duty of the appellate court in a workman's compensation case to determine whether the evidence supports the findings of the board approved by the common pleas, and if the law has been properly applied.

*Workmen's compensation—Evidence—Witnesses—Opinions—Experts.*

2. Testimony of physicians in a workmen's compensation case to be competent and ample to sustain a finding of fact need not be so definite as to be without doubt; the opinion expressed must, however, be sufficiently exact to satisfy the mind of the referee or board that the accident contributed to claimant's condition.

*Workmen's compensation—Practice—Opinion written by member not at hearing.*

3. The opinion of the Workmen's Compensation Board should not be written by a member who did not sit at the hearing. Such practice is not commended, although it is not ground for reversal.

Argued February 7, 1923.   Appeal, No. 39, Jan. T., 1923, by defendants, from order of C. P. No. 3, Phila. Co., Dec. T., 1921, No. 5082, affirming decision of Workmen's Compensation Board, in case of Elizabeth Farran v. Curtis Publishing Co., defendant, and Liberty Mutual Ins. Co., insurance carrier.   Before FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.   Affirmed.

Appeal from decision of Workmen's Compensation Board, reversing findings of referee on hearing de novo.
The opinion of the Supreme Court states the facts.
Decision affirmed.   Defendants appealed.

*Error assigned,* inter alia, was order, quoting record.

*Benjamin O. Frick,* of *Evans, Bayard & Frick,* for appellant.

*Wm. S. Wacker,* for appellee.

PER CURIAM, March 5, 1923:
Plaintiff, an employee of defendant, while engaged at her work in defendant's printing establishment, was struck by a house truck and thrown to the floor, the truck passing over her right foot and a portion of its contents falling on her body as she lay beside the truck.   Under a compensation award plaintiff received compensation for the period from August 27, 1920, the date of the accident, until October 4, 1920, when she returned to her employment and from that time worked intermittently until February 14, 1921.   On April 10, 1921, her petition was filed for review of the award previously made in her

favor, setting up inability to work and confinement to
bed by reason of the accident of August 27, 1920. The
referee dismissed the petition, but, on appeal to the
compensation board and hearing de novo, the order of the
referee wr reversed and an award made in favor of
plaintiff "to continue so long as the present status of
the claimant's health continues, not to exceed, alto-
gether, a period of 500 weeks." On appeal to the Court
of Common Pleas No. 3, of Philadelphia County, the
award of the board was affirmed. This appeal followed.

Under the Act of June 26, 1919, P. L. 642, it is our
duty in cases of this character to determine whether the
evidence supports the findings of the board and if the
law has been properly applied: Strohl v. Eastern Penna.
R. R. Co., 270 Pa. 132; Kerwin v. American Express
Ry. Co., 273 Pa 134. The board found that, since Feb-
ruary 14, 1920, p'aintiff "has not been able to do any
work, and from that time to the present she has suffered
total disability in consequence of the accident" and fur-
ther "that all her physical ailments, including frequent
vomiting, complete physical weakness, and inability to
work, have been brought upon her by the accident she
suffered, which is the subject of this case;......that she
is not a malingerer, and that while she, by nature, is of a
neurotic condition, nevertheless the accident has so ag-
gravated this original condition as to bring about a great
disturbance in her digestive organs and produce loss in
weight." Two physicians, among others, were called as
witnesses, one her family doctor, who testified that
previous to the accident plaintiff was a fairly well and
healthy young woman, but at present she is in a weak
physical condition and an examination made after the
accident showed her stomach to be at least an inch and a
half below its normal position and she also had a displaced
kidney, both conditions, in his opinion, being probably
due to the accident; the other, a physician and surgeon,
selected by the board to examine plaintiff, stated that in
his opinion "she was not faking or malingering," that he

found all the viscera occupied a lower position in the abdomen than normal, which would indicate "her accident was a definite factor in her trouble," and, although probably not alone entirely responsible, it acted as a contributory cause to the present digestive disturbances and loss in weight. Testimony of physicians in cases of this character, to be competent and ample to sustain a finding of fact, need not be so definite as to be without doubt; the opinion expressed must, however, be sufficiently exact to satisfy the mind of the referee or board that the accident in controversy contributed to claimant's condition. Both physicians, after an examination of claimant, were of opinion that her present condition was at least in part induced by the accident, that it was a factor contributing to her digestive and other troubles. This, with the non-expert testimony referring to plaintiff's physical condition both before and after the accident, was sufficient to warrant the findings above mentioned.

In this case, the opinion of the board was written by a member who did not sit at the hearing. This practice, while not ground for reversal, is not commended. When facts are required to be found, and such is the case in all proceedings of this character, it is especially advisable that the commissioner who presides at the hearing and sees the witnesses and hears them testify should find the facts. He is much better fitted to give proper effect to the testimony than one who has before him merely the typewritten copy of the evidence.

The judgment is affirmed.