# Christ *v.* Philadelphia & Reading Coal & Iron Co., Appellant.

*Workmen's compensation—Findings of board—Review—Appeals —Evidence.*

1. The revisory powers of the appellate courts in workmen's compensation cases are limited to such consideration of the record as will enable them to ascertain whether there is evidence to support the findings of the compensation board, and if, upon such findings, the law has been properly applied.

2. The testimony of a physician made, after a proper examination, to the effect that the injury was the result of the accident, may support an award.

Argued May 13, 1924. Appeal, No. 215, Jan. T., 1924, by defendant, from judgment of C. P. Northumberland Co., Sept. T., 1923, No. 240, affirming decision of Workmen's Compensation Board which affirmed award of referee, in case of Samuel Christ v. Phila. & Reading Coal & Iron Company. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Appeal from decision of Workmen's Compensation Board. Before LLOYD, J.
The opinion of the Supreme Court states the facts.
Decision affirmed. Defendant appealed.

*Error assigned* was, inter alia, judgment, quoting it.

*Voris Auten,* with him *B. D. Troutman,* for appellant.

*Roger J. Dever,* for appellee.

OPINION BY MR. JUSTICE KEPHART, July 8, 1924:
Samuel Christ, an employee of the appellant, was injured at Burnside Colliery, December 31, 1919. Under

the agreement executed January 17, 1920, compensation was paid to February 16, 1920, when a final receipt ended the payments. Later in the same year a petition to review this receipt was filed, and, after hearing, it was set aside without prejudice to either party, the referee finding a daughter had signed her father's name without his knowledge. In 1922, appellant, by petition, asked that payment cease as appellee's present condition was not due to any physical injury, but to mental degeneration. The hearing developed claimant's mental derangement, appellant insisting it was not due to being bumped or struck by a mine car on the side of his body. The referee declined to terminate the compensation, basing his conclusion on the evidence then submitted, as well as that taken on the petition to review the final receipt. The board and the court below sustained this action.

We stated, in Kuca v. Lehigh Valley Coal Co., 268 Pa. 163, 165, "It was not intended by the legislature that this court should be an appellate administrative tribunal to weigh the evidence submitted to the referee or the board. Our revisory powers are limited to such consideration of the record as will enable us to ascertain whether there is evidence to support the findings of the board and if, upon such findings, the law has been properly applied. Though we may be of opinion, from the apparent weight of the evidence, that a finding should be made adverse to that of the board, we are not at liberty to enter or direct such different finding, where the one adopted by the board is supported by proof."

Dr. Biddle, who had made an examination of the claimant, and had X-ray pictures taken to assist in diagnosing the case, stated positively that the man had anthritis deformans, caused by the accident received at the mine. This was positive and direct evidence, and fully satisfies the rule as to such character of evidence laid down in Farran v. Curtis Publishing Co., 276 Pa. 553.

Appellant's contention claimant was a hypochondriac, not as a result of being struck by the car, as he was in-

jured on the side, but from other causes, were matters purely for the referee's consideration; especially as it could be inferred from the evidence appellee received a direct blow on the spine when he fell across the track or shovel.

There is nothing in this record to justify us in disturbing the order of the court below.

Order affirmed.