# Felker v. American Chain Company, Appellant.

*Workmen's compensation—Injury in course of employment—Evidence—Sufficiency.*

In a claim under the Workmen's Compensation Law, an award is properly made, where the evidence established that the deceased had rubbed or scratched his finger during the hours of his employment, and later died of blood poisoning caused by the infected wound.

In such case, an opinion by a doctor that the deceased died as a result of blood poisoning, following the injury to his finger, is sufficient to support a finding that he was hurt in the course of his employment.

Submitted October 10, 1924.  Appeal, No. 10, March T., 1925, by defendant, from judgment of C. P. York Co., Jan. T., 1924, No. 158, sustaining award of Workmen's Compensation Board, in the case of Lulu M. Felker v. American Chain Company.  Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.  Affirmed.

Appeal from award of Workmen's Compensation Board.  Before Ross, J.

The facts are stated in the opinion of the Superior Court.

The court sustained the award.  Defendant appealed.

*Error assigned* was the decree of the court.

*C. D. Swartz,* of *Swartz & Campbell,* for appellant.

*Robert S. Frey,* for appellee.

OPINION BY TREXLER, J., February 27, 1925:

This is an appeal from the judgment of the lower court affirming an order of the Workmen's Compensation Board awarding compensation to the grandchildren of the decedent who was in the employ of the defendant corporation, the American Chain Company.  It is our duty to review the testimony with the sole purpose of ascertaining whether evidence appears which justifies the finding made, and if so, whether the law has been properly applied, Thomas v. State Workmen's Fund, 280 Pa. 331.  The decedent was employed by the defendant company on April 9, 1923, and went to work at 6 o'clock that evening.  He worked during the night until 6:20 the following morning.  At that time the decedent came and told the foreman that at 4 o'clock in the morning he had rubbed his finger open or cut himself.  The finger was wrapped, he took the rag off and showed the hurt to the foreman and told him he had a "burnish" feeling in it.  There was some evidence that there had been a scratch on the finger before he came to work but there was also evidence that the employment in which he was engaged was such that it was quite likely that a scratch or puncture of the finger might occur.  There was no evidence that the injury to the finger prior to the employment was of any extent.  In fact the circumstances as narrated support the inference that there was a rubbing open and inflammation which was not present when the decedent went to work.  The conclusion can be reasonably drawn that the accident was sustained in the course of the employment  The precise details of the

occurrence were not set out.  It was not necessary to
show the exact nature of the injury, nor just how it oc-
curred: Laraio v. Pennsylvania R. R. Co., 277 Pa. 382;
Watkins v. Pittsburgh Coal Co., 278 Pa. 463.  The causal
connection between the accident and the death was sup-
ported by the testimony of a doctor who when the ques-
tion was asked: "Did he or not die as a result of sep-
ticemia following the injury to his finger?" stated: "In
my opinon he did."  This seems positive enough to meet
the rule as set out in Fink v. Sheldon Axle & Spring
Company, 270 Pa. 476; McCoy v. Jones and Laughlin
Steel Company, 275 Pa. 422.  We think there was suf-
ficient evidence that the injury occurred in the course of
decedent's employment and that it was the cause of his
death.

The judgment is affirmed.