## Soule *v.* McHenry (et al.), Appellant.

## Aman *v.* McHenry (et al.), Appellant.

*Workmen's compensation—Appeals—Evidence—Conflicting evi-dence—Findings of fact—Findings as to employment—Act of June 26, 1919, P. L. 642.*

1. While, under the Workmen's Compensation Act of June 26, 1919, P. L. 642, the evidence is sent up on appeal with the record, yet the consideration thereof by the appellate court, is not to weigh conflicting evidence, but merely to ascertain whether there is evidence to support the findings of fact, and whether the law has been properly applied thereto.

2. Where the compensation authorities have found upon sufficient evidence that a claimant was in fact an employee of the defendant, the appellate court will not interfere.

Argued February 1, 1926. Appeals, Nos. 137 and 138, Jan. T., 1926, by McHenry, defendant, from judgments of C. P. No. 1, Phila. Co., Sept. T., 1925, Nos. 3834 and 3835, affirming decisions of Workmen's Compensation Board, in cases of Charles W. Soule v. Hugh McHenry and James J. Moran, individually and trading as Aero Transportation & Engineering Co., and Lillian B. Aman v. Hugh McHenry and Edward Doyle, individually and trading as Aero Transportation & Engineering Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Appeals from decisions of Workmen's Compensation Board. Before BARTLETT, P. J.

The opinion of the Supreme Court states the facts.

Decisions affirmed. Defendant, McHenry, appealed.

*Errors assigned* were, inter alia, the judgments, quoting record.

*Harry A. Mackey,* with him *Morris Dos Passos* and *Francis J. Maneely,* for appellant.

*Nochem S. Winnet,* with him *James J. Welsh,* for appellee, Charles W. Soule.

*J. Montgomery Forster,* of *Peck, White & Forster,* for appellee, Lillian B. Aman.

OPINION BY MR. JUSTICE WALLING, March 15, 1926:

These two workmen's compensation cases, growing out of the same accident and involving the same question, will be considered together. On November 3, 1923, Herbert L. Aman and Charles W. Soule, fell with an airplane wherein the former was pilot and the latter engineer, by which Aman was killed and Soule permanently injured. The referee awarded compensation in each case against Hugh McHenry as employer; this being affirmed by the workmen's compensation board and the court of common pleas, he brought these appeals.

The referee found that Aman and Soule were in appellant's employ when injured and the question raised here is, Is that finding supported by evidence? This must be answered in the affirmative; hence, the appeals fail. McHenry owned a hotel or restaurant, called the Roosevelt Inn, located on the Roosevelt Boulevard, near Cottman Street, Philadelphia, and also owned or controlled some ten acres of adjoining land, called McHenry Field. In 1921, or early in 1922, Captain Robertson and Edward J. Doyle landed an airplane on this field and, after some discussion, McHenry, deciding that to have this field an airplane headquarters would be a good advertisement and bring him custom, agreed it might be done. Robertson and Doyle used the field accordingly. The evidence for claimants is that in 1922 a verbal agreement was made by which the three, McHenry, Robertson and Doyle, would each have a one-third interest as partners in the airplane business, located at McHenry Field,

and called the Aero Transportation and Engineering Company. This is denied by McHenry; whatever the arrangement was, Robertson soon became dissatisfied and went away, leaving his airplane. Doyle's testimony is that he also quit the enterprise but at McHenry's urgent solicitation returned early the next season (1923) and worked for appellant at a weekly wage. His testimony also is that McHenry was sole proprietor of the business in 1923, although he, Doyle, at times acted as manager. A man named Moran also took part in attending to the business that year. There is some criticism of Doyle's testimony, but he is corroborated by circumstances; for example, it appeared that McHenry advanced large sums of money to the business, bought, or, at least, paid for the airplane which caused the accident in question and for a motor placed in another, had planes repaired and paid therefor, also paid many bills for the so-called company, solicited business and received fares from its passengers and spent much time on the field giving orders, etc. Soule testified he was employed by McHenry. As indicating defendant was in the airplane business in 1922, he employed and paid a Mr. Jewell for making a parachute leap at a meeting of the American Legion at Lehighton, Penna. Defendant submitted testimony in answer to that for claimants and the cases turned on an issue of fact, peculiarly for solution by the compensation authorities, who gave the same very painstaking consideration, and whether we, if triers of the facts, would have reached the same conclusion is of no moment. While under the Act of June 26, 1919, P. L. 642, the evidence is sent up with the record, yet our consideration thereof is not to weigh conflicting evidence, but merely to ascertain whether there is evidence to support the findings of facts and whether the law has been properly applied thereto: Kuca v. Lehigh Valley Coal Co., 268 Pa. 163; Strohl v. Eastern Pa. Rys. Co., 270 Pa. 132; Callihan v. Montgomery, 272 Pa. 56; Oskia v. Hudson Coal Co., 274 Pa. 367;

Roach v. Oswald Lever Co., 274 Pa. 139; Rodman v. Smedley, 276 Pa. 296; Farran v. Curtis Publishing Co., 276 Pa. 553; Christ v. Phila. & Reading C. & I. Co., 281 Pa. 94.

The judgment in each appeal is affirmed.