# Vorbnoff *v.* Mesta Machine Co. et al., Appellants.

*Workmen's compensation—Occurrence of injury—Findings of facts—Referee—Findings by board—Competent evidence—Expert medical evidence—Appeal to common pleas—Acts of June 2, 1915, P. L. 736, and June 26, 1919, P. L. 642—Appeals—Review.*

1. Where a referee has found that an accident has occurred, the Workmen's Compensation Board, may under the Act of June 2, 1915, P. L. 736, as amended by the Act of June 26, 1919, P. L. 642, formally substitute for the findings of the referee other findings based on its own belief from the evidence that no accident had happened.

2. In such case, on an appeal to the common pleas, the appellant must file with his notice of appeal such exceptions to the action of the board as he may desire to take, specifying the findings of fact, if any, of the board, or of the referee sustained by the board, which he alleges to be "unsupported by competent evidence," and this is the extent to which the act permits facts to be attacked on such an appeal.

3. The word "competent" evidence as used in the act means legally competent or answering all the requirements of the law.

4. The act, therefore, intends that, on appeals from the board, the conclusions of law may be excepted to on any ground, and findings of fact may be attacked as not supported by evidence answering the requirements of the law, or, as lacking legally competent evidence to sustain them.

5. If the controlling question, such for instance as the fact of the alleged accident, is established in claimant's favor, the next question would concern its harmful results, and, in this regard, the law would require the claimant to show that the accident was responsible for his impaired physical condition.

6. If, in such case, claimant depends on expert medical testimony, the expert would have to state plainly the professional view that the accident materially contributed. to the ailments from which claimant suffered, in the sense of being, if not the sole cause, then, at least, the superinducing cause thereof.

7. The expert would have to testify, not that the condition of claimant might have, or even probably did, come from the accident, but that in his professional opinion the result in question came from the cause alleged.

8. On appeal, the courts may examine the proofs to see whether legally competent evidence is present to support the findings on

which the award rests; the act does not mean that the evidence may be weighed as to its probative force in fact, and the findings changed by the court to its own belief in that respect.

9. The compensation authorities are to decide all questions of fact, and the courts are to decide those of law.

10. Where cases contain findings, which when disputed present mixed questions of fact and law, these may be reviewed by the courts on the latter aspect alone.

11. Whether the record includes any evidence at all, competent in law to sustain a particular finding of fact, is a question of law.

12. When the competency of the evidence on the record is admitted, or is unattacked, whether, on weighing it, a fact should be found therefrom, is a question of fact, not of law.

13. Where a referee finds that an accident did not occur, and the board reverses him, it does so on a pure question of fact, after weighing the evidence.

14. The court on appeal pursues the same course when, as in the present case, after weighing the evidence, it attempts to reverse the compensation board.

15. In the first instance the board acted within the authority conferred upon it by the statute, while, in the second, the court acted beyond its powers.

16. The act did not intend to permit the courts to weigh the evidence in any instance; if it reverses the board on questions of evidence, ordinarily, it must remit the record for the further hearing of evidence and a determination thereon.

17. Where the court returns a record to the board, it goes back only to allow an opportunity to present legally "competent evidence" to that body, where such proofs were lacking before, and not to strengthen the case where the proofs are merely wanting in persuasiveness or weak in facts.

18. The courts are not always obliged, where they reverse the compensation board, to return the record to that body.

19. If no relevant evidence at all is produced to sustain a particular finding, that is, nothing beyond a scintilla, the court is not obliged to remit the record.

20. If the question of the existence of a material ultimate fact, found or adopted by the board, is so involved as to require testimony to be examined in order to see whether legally competent proofs are present to support the finding, and absence of such testimony is the only ground for reversal, the courts must remit the record to allow such testimony to be taken.

21. Whatever right the claimant has to require the record to be remitted, is equally available to his opponent.

22. Where a compensation board after weighing the evidence reverses the finding of fact of the referee, because it believes no accident occurred, it is its duty to make a distinct finding of fact to that extent.

23. If the board, after the record is remitted to it, still finds no accident occurred, that will end the case; but if it finds that the accident did occur, then it will have to consider the effect of the medical testimony taken in the case.

24. Where the court reverses the board and remits the record for further hearing, whatever findings of fact supported by competent evidence it may then make, will be binding on the court below.

Argued March 15, 1926.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 47, March T., 1926, by defendants, from judgment of C. P. Allegheny Co., Oct. T., 1924, No. 1947, reversing decision of Workmen's Compensation Board, refusing award, in case of Stoiko Vorbnoff v. Mesta Machine Co. and Pennsylvania Manufacturers Assn. Casualty Ins. Co.   Reversed.

Appeal from decision of Workmen's Compensation Board refusing award.   Before MACFARLANE, J.

The opinion of the Supreme Court states the facts.

Decision reversed.   Defendants appealed.

*Error assigned* was, inter alia, judgment, quoting record.

*John C. Sheriff*, with him *Paul E. Hutchinson*, for appellants.—The appellate court is confined to a review of the record to determine whether or not there is competent evidence to support a finding of fact made, and cannot change the findings of fact: Callihan v. Montgomery, 272 Pa. 56; Rodman v. Smedley, 276 Pa. 296; Gurski v. Coal Co., 262 Pa. 1; McCauley v. Imperial Woolen Co., 261 Pa. 312.

There is no competent evidence of causal connection between the alleged accidental injury and the loss of use

of claimant's arm: Fink v. Axle & Spring Co., 270 Pa.
476; McCrosson v. Transit Co., 283 Pa. 492.

*C. James Tannehill,* with him *Rody P. & Meredith R. Marshall,* for appellee.—There is sufficient competent evidence to sustain the finding of the referee that the loss of the use of claimant's right arm is the result of the injury by accident during his employment by defendant.

The nonexpert testimony of claimant himself, together with the positive testimony of Dr. Schildecker, is sufficient to warrant the findings of the referee: Farran v. Curtis Pub. Co., 276 Pa. 553.

The law has been properly applied by the lower court: Chase v. Mfg. Co., 271 Pa. 265; Horn v. R. R., 274 Pa. 42; Christ v. Coal & Coke Co., 281 Pa. 94; Callihan v. Montgomery, 272 Pa. 56; Rodman v. Smedley, 276 Pa. 296; Stahl v. Coal Co., 268 Pa. 452.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, April 12, 1926:

1. This is a workmen's compensation case where the referee made an award in favor of the claimant and the board reversed the referee; the court below in turn reversed the board and reinstated the award; this appeal followed.

2. The referee's principal finding of fact, on which the award was based, is to the effect that claimant, who was employed by defendant as "a chipper in the roll shop," was injured "December 19, 1922," in the following manner: "While pressing real hard on the air hammer, the chisel broke and hurt his hand on a piece of wire that he was working on, and then fell down and injured his elbow."

3. The appeal to the board specified, "There is not sufficient testimony to justify the referee in his second finding of fact," being the finding above quoted. In disposing of this exception, the board stated: "At the first hearing, claimant testified positively that the accident

happened December 30, 1922. He fixed the date specifically by saying that it was the Saturday prior to New Year's Day. He said that. the accident happened in the afternoon, and that at the time he was the only man working in the department in which he was employed. After claimant's testimony was in, defendant introduced the payroll record and claimant's time card, showing that the last day claimant worked for defendant was December 23, 1922. On that day, he worked only five hours, quitting at 12 o'clock noon. At the continued hearing, claimant......testified that he was not sure whether the accident happened on December 23d or December 30th, but that it happened in the afternoon of either one of these days. However, the time card contradicts him in this because it shows that he did not work in the afternoon of December 23d. Claimant thus fixes three different days as the time at which the accident happened. He alleges first........that it happened on December 19th, which was not a Saturday at all, then ......that it happened on Saturday, December 30th, and, when the payroll evidence is introduced, he changes his testimony and states that it happened either on December 23d or December 30th. We do not see how much *weight* can be given to testimony of this character. In addition to this, defendant's testimony shows that claimant never reported an accident at all. The claimant himself testified that he sent word to his foreman by another man, but fails to produce the other man, although he had abundant opportunity to do so, and he fails to produce the foreman whom he alleges he notified. The testimony of the physician who treated him on the date nearest to the time of the alleged accident states that claimant's condition was not caused by injury......We are inclined to think that claimant *never did sustain an injury* but that the condition in his arm had existed for sometime and was due entirely to a germ [whose presence was in no way due to his employment] which set up infection in his elbow."

4. When the matter came before the court below, it said, in reversing the board and reinstating the award of the referee, "We are of opinion there was competent evidence of an injury caused by an accident [meaning the accident alleged and testified to by claimant] on December 23d, not on the 19th......Let an order be drawn sustaining the appeal and modifying the date of inception of compensation." This was equivalent to changing the express finding of the referee as to the date of the alleged accident, and also the implied finding of the board that no such accident had ever happened.

5. It will be noticed, defendant's contention on the appeal to the board was that there was not "sufficient testimony to justify the referee in his second finding of fact," and, therefore, he should not have found claimant was injured in the course of his employment with defendant, but, rather, that claimant's ailment was due to causes other than an accident. In short, defendant's position before the board was not that, admitting claimant's version of the alleged accident to be true, it did not amount in law to "injury in the course of employment," as this phrase is defined in the act of assembly; nor did it contend that the finding as to the accident lacked the support of legally competent evidence, but that, in point of fact, there never had been such an accident as related by claimant and the latter's impaired physical condition came from causes in no way connected with his employment,—which position, the board, impliedly though not expressly, sustained.

6. The board having, at least in effect, substituted its own findings of fact for those of the referee, and the court having departed from the findings both of the board and of the referee, the question arises as to their respective powers so to act.

7. In Vonot v. Hudson Coal Co., 285 Pa. 385, we very recently said that the power of the board to change findings of fact made by the referee had been greatly extended by the Act of June 26, 1919, P. L. 642, amending

the original Workmen's Compensation Act of June 2, 1915, P. L. 736; and a reading of that opinion will show that, in the present case, the board would have been within the powers given to it by the amending statute had it formally, instead of impliedly, substituted for the findings of the referee other findings based on its own belief that no accident had happened.

8. As to the powers of the court below, section 425 of article IV of the Act of 1915, provided for appeals from the decision of the board to the common pleas, but on matters of law alone. Section 427 of the Act of 1919, which takes the place of section 425 in the original statute, states that "Any party may appeal from any action of the board *on matters of law* to the court of common pleas," and that the appellant "shall file with his notice of appeal such exceptions to the action of the board as he may desire to take, [specifying] the *findings of fact,* if any, of the board, or of the referee sustained by the board, which he alleges to be *unsupported by competent evidence";* and this is the extent to which the act permits facts to be attacked on such an appeal. It will be noticed that the expression used is, "unsupported by competent evidence." "Competent," in this respect, means legally competent or "answering all requirements of the law" (Anderson's Law Dictionary); therefore the statute intends that, on appeals from the board, conclusions of law may be excepted to on any ground, and findings of fact may be attacked as not supported by evidence answering the requirements of the law, or, in other words, as lacking legally competent evidence to sustain them. For an example of what is meant by "legally competent evidence," if the controlling question in this case, namely, as to the fact of the alleged accident, was established in claimant's favor, the next question would concern its harmful results, and, in this regard, the law would require him to show that the accident was responsible for his impaired physical condition; if he depended upon expert medical testimony for

that purpose, the expert would have to state plainly the professional view that the accident had materially "contributed" (Farran v. Curtis, 276 Pa. 553, 556; see also Clark v. Lehigh V. C. Co., 264 Pa. 529, 533) to the ailments from which claimant suffers, in the sense of being, if not the sole cause, then, at least, the "superinducing cause" thereof: Jones v. Phila. & Reading C. & I. Co., 285 Pa. 317, 320. That is to say, the witness would have to testify, not that the condition of claimant might have, or even probably did, come from the accident, but that "in his professional opinion the result in question came from the cause alleged"; for, according to our latest pronouncement on this subject, a less direct expression of opinion would fall below the required standard of proof, and therefore would not constitute legally competent evidence: see McCrosson v. Phila. R. T. Co., 283 Pa. 492, 495-6; Anderson v. Baxter, 285 Pa. 443, 446-7. The act means that, on appeal, the courts may examine the proofs to see whether legally competent evidence is present on the record to support the findings on which the award rests; it does not mean that the evidence may be weighed as to its probative force in fact, and the findings changed by the court according to its belief in that respect, which is what the court below did in this case.

9. The construction just stated will be elaborated and its applicability to the present case shown as we proceed with this opinion, but, just here, we may state that it coincides with our decisions as to the jurisdiction of the courts in this class of cases, rendered both before and since the Act of 1919,* and that statute shows in many

---

*(1st) Before the Act of 1919: (a) Powers in common pleas,— Poluskiewicz v. Phila. & Reading Co., 257 Pa. 305, 307; McCauley v. Imp. Woolen Co., 261 Pa. 312, 320; Dainty v. Jones, etc., Steel Co., 263 Pa. 109, 112, 113; Flucker v. Carnegie Steel Co., 263 Pa. 113, 118, 119; Stahl v. Watson, 268 Pa. 452, 454; (b) In the appellate courts,—McCauley v. Imp. Woolen Co., supra, p. 322; Catlin v. Pickett Co., 262 Pa. 351, 353; McCarl v. Houston Borough, 263 Pa. 1, 2.

ways that it was not the intention of the legislature to give the courts power to find facts. For instance, the section we are now considering provides (p. 666) that, "Any court before whom an appeal is pending from any action of the board may remit the record to the board for more specific findings of fact, if the findings of the board or referee are not, in its opinion, sufficient to enable it to decide the question of law raised by the appeal." Briefly, it comes to this, the compensation authorities are to decide all questions of fact and the courts are to decide those of law.

10. Of course, some cases contain findings which, when disputed, present mixed questions of fact and law, and, as pointed out in Callihan v. Montgomery, 272 Pa. 56, 61, 62, these may be reviewed by the courts on the latter aspect alone. The point whether the record includes any evidence at all, competent in law, to sustain a particular finding of fact, is a question of law; but when the competency of the evidence on the record is admitted, or is unattacked, whether, on weighing it, a fact should be found therefrom is a question of fact, not of law. Applying these tests to the present case, when the compensation board reversed the referee on the issue as to whether or not the accident alleged by claimant had happened to him, it did so on a pure question of fact, after weighing the evidence, and the court below pursued the same course when it reversed the compensation board. In the first instance, the board acted within the authority conferred on it by statute, while, in the second, the court acted beyond its powers; the latter had no authority to weigh the evidence and thus change the

(2d) Since the Act of 1919: (a) Powers in common pleas,— Riley v. Carnegie Steel Co., 276 Pa. 82, 86. (b) In the appellate courts,—Kuca v. Lehigh Valley Coal Co., 268 Pa. 163, 165; Callihan v. Montgomery, 272 Pa. 56, 61; Rodman v. Smedley, 276 Pa. 296, 298; Watkins v. Pittsburgh Coal Co., 278 Pa. 463, 465; Thomas v. State Workmen's Ins. Fund, 280 Pa. 331, 333; Smith v. Phila. & R. C. & I. Co., 284 Pa. 35, 38; Anderson v. Baxter, 285 Pa. 443.

findings, and reverse the final action, of the board. Moreover, on the present record, the court below lacked authority either to enter or direct judgment for the claimant. These two errors involve closely related parts of the Workmen's Compensation Law, and they will now be considered together.

11. Cases may come before the board for the finding of facts in several ways; first, under section 414, that body may take original jurisdiction of a petition; or, under section 413, it may act to modify a compensation claim or award; or, under sections 423, 424 and 425, it may take revisory jurisdiction on appeal; finally, even after an appeal to the court of common pleas, at any time before that tribunal has finally acted, the board, under section 426, may recall the record and make findings at a rehearing of the case. Section 418 of the act expressly states that: "Findings of fact made by the board in any petition heard by it or upon a hearing de novo shall be final except as hereinafter provided,"— which means, provided in subsequent parts of the act covering revisory powers of the courts on appeal. True, section 418 says nothing of the status of findings by the board on appeals to it under section 423 et seq., or of findings made by it on a rehearing under section 426, and we find no other provision in the statute which deals with this point; but, as we have hereinbefore shown (see the eighth and ensuing paragraphs of this opinion), the act in effect provides that appeals to the courts from all final actions of the board shall turn on matters of law alone, for, in such appeals, findings of fact can be excepted to only on grounds which raise questions of law (as we have before indicated and shall presently show), which means in effect that all findings of fact made by the board are final unless set aside by the courts under such exceptions. Let us see what powers the courts have in this regard and how these powers must be exercised.

12. Section 427 of the Act of 1919, fourth paragraph, provides: "If the court of common pleas......shall

affirm an award or order of the board, or of a referee sustained by the board, fixing the compensation payable under this act, the court shall enter [final] judgment ......[; but] if such court shall sustain the appellant's exceptions to a finding or findings of fact and reverse the action of the board founded thereon, the court shall remit the record to the board for further hearing and determination." As we have seen, however, the sole exception authorized by the act to a finding of fact is one which alleges the finding "to be unsupported by competent evidence" (see first paragraph of section 427, quoted in the 8th paragraph of this opinion), and an exception of this character raises a question of law. Since it was intended by the above-quoted matter from the fourth paragraph of section 427 to allow the courts to review findings of fact only on such exceptions, it follows that it was not intended to permit them to weigh the evidence in any instance.

13. In Kuca v. Lehigh Valley Coal Co., 268 Pa. 163, 165, 166, construing the above-quoted matter from paragraph 4 of section 427, we said it was not the intention of the legislature that the courts should "weigh the evidence submitted to either the referee or the board," that their advisory powers were limited to such consideration of the record as would enable them to ascertain whether there was evidence to support the findings, and if, on such findings, the law had been properly applied, adding, "When the common pleas sustains an exception to an award and reverses the action of the board, it must remit the record to the board for further hearing and determination" (see also Mauchline v. State Ins. Fund, 279 Pa. 524, 527), and suggesting that, at such further hearing, those concerned would have an opportunity to produce proper evidence, in addition to the testimony taken at the original hearing. Finally, we said in the case under discussion that it must be understood the act does not intend such new hearings shall continue indefinitely (on this point see also Riley v. Carnegie Steel

Co., 276 Pa. 82, 87; Houlehan v. Pullman Co., 280 Pa. 402, 406), and that, if the additional evidence presented at the new hearing is of the same character, as to competency, or "merely cumulative," the board must "disallow the claim," meaning, of course, if that body had originally so treated it. When the court returns a record to the board, it goes back only to allow an opportunity to present legally "competent evidence" to that body, where such proofs were lacking before, and not to strengthen a case where the proofs are merely wanting in persuasiveness or weak in fact.

14. Whenever a court has jurisdiction to review testimony, it is always a judicial question whether a record is entirely devoid of proof (Smith v. Phila. & Reading C. & I. Co., 284 Pa. 35, 39) as to a fact material to an award under attack; and where, despite the opportunities afforded by the Workmen's Compensation Law, no relevant evidence at all is produced to sustain a particular finding, the courts are not obliged to return the record to give the one bearing the burden of proof a further opportunity to establish his case. That is to say, the courts are not always obliged, when they reverse the compensation board, to return the record to that body for further hearing: Anderson v. Baxter, 285 Pa. 443, 448-9. Though, if the question of the existence of a material ultimate fact, found or adopted by the board, is so involved as to require testimony to be examined, in order to see whether legally competent proofs are present to support the findings in controversy, and the absence of such evidence is the only ground for reversal, the courts cannot depart from the finding and reverse on that ground alone, unless, in the words of the act, they "remit the record to the board for further hearing and determination"; for, as explained by Mr. Justice KEPHART, in the Kuca Case, supra (at p. 165), "In furtherance of its humane purposes, the act gives claimant every opportunity to produce [legally competent proofs] to sustain [his] claim, and, in directing that the report be returned

to the compensation board for further hearing, opportunity is presented to produce additional evidence." Of course, whatever right the claimant has in this regard is equally available to his opponent. Hence, if the decision of an appeal turns on exceptions to material findings of fact as "unsupported by competent evidence" see paragraphs 8 and 12 of this opinion), and such exceptions are sustained and the decision reversed, the court must "remit the record to the board for further hearing and determination," on legally competent evidence, if it can be produced.

15. In the Callihan Case, supra, this court reversed an award, which had been sustained by the court below, and entered final judgment for defendant, since the points involved turned on questions of law beyond the mere competency of evidence; and we there stated that the provision in the Act of 1919 requiring the common pleas, when it reverses the board, to remit the record to the latter body "for further hearing and determination" concerned "only exceptions to findings of fact." By this we did not, however, mean to intimate that the courts had control to change findings of fact, but merely that the statutory provision under consideration covered only exceptions which questioned whether the record contained evidence, competent in law, to sustain a particular finding of fact; and, further, that it did not cover exceptions that went to points of law such as those in the Callihan Case itself, which, while admitting the presence of sufficient evidence and the legal competency of the proofs adduced, raised the contention that the facts thus established showed the deceased to be, at the time of the accident, engaged in casual employment, as distinguished from the regular course of the business of defendant, and therefore without the protection of the Workmen's Compensation Act.

16. In the present case, the action of the court below in reversing the board without remitting the record for further proceedings before that body, was improper.

What, then, should the court have done? Had the compensation board not disagreed with the finding of the referee that the accident to which claimant attributes his injuries had in point of fact occurred, the statutory rule requiring the return of the report to the board for the specific purpose of affording claimant an opportunity to produce legally competent evidence, might have applied, for the court endeavors to show the board was wrong in holding, as it did, that the case lacked such evidence to prove the accident alleged by claimant was the "proximate cause" of his impaired physical condition; thus, it would follow that, assuming the accident alleged by claimant to have happened to him, the question whether the record contained legally competent evidence on the material ultimate fact that his impaired physical condition was attributable to this cause, was up for adjudication; and, under such circumstances, section 427 of the act requires the court, when it reverses the board on such an issue, to return the record for further hearing and determination, so as to afford an opportunity to present legally competent evidence if it can properly be produced. But, as already said, the compensation board, after a careful analysis of the proofs, had stated its belief, or had said that it was "inclined to believe," "claimant never did sustain an injury," or, that no accident such as he described had happened to claimant. If the board so believed, it was its duty to make a distinct finding of fact to that effect; for, if claimant did not suffer an accident which caused his impaired physical condition, then the question as to whether or not there was competent evidence on the record to show that this condition was due to that cause would be of no moment: Gausman v. Pearson Co., 284 Pa. 348, 353. Under the circumstances at bar, the court should have returned the report of the compensation board to that body "for more specific findings of fact," as authorized by the third paragraph of section 427 of the Act of 1919 (see paragraph 9 of this opinion) ; and,

therefore, we shall modify the order appealed from to that effect. Finally, in this connection, we may state that, upon the return of the record to the board, whatever findings of fact, supported by competent evidence, it may make, will be binding on the court below. If the board still disbelieves claimant's evidence and finds that no such accident as he described, or no accident which contributed to his impaired physical condition, occurred, that, of course, will end this case; if, on the other hand, it finds the accident did occur, then the medical testimony in the case will have to be judged by the standard stated in the 8th paragraph of this opinion.

The judgment of the court below is reversed and that tribunal is directed to return the record to the compensation board for further proceedings consistent with the law as here announced.