## Piotrowski *v.* T. O. Dey Company et al., Appellants.

Argued April 15, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Samuel G. Wagner,* of *Wagner & Wagner,* with him *George Y. Meyer* and *L. A. Nunnink,* for appellants.

*William L. Jacob,* with him *Frank F. Troup,* for appellee.

OPINION BY BALDRIGE, J., July 10, 1936:

This appeal is from the judgment entered in a workmen's compensation case in favor of claimant.

The decedent, a girl 19 years of age, was employed in a shoe repair shop owned by the defendant and occupying a space in the Joseph Horne store, Pittsburgh. On February 24, 1933, about 5 o'clock in the afternoon, she was engaged in cutting tickets off shoes with a small knife. While no one actually saw her cut her finger, which was the accident alleged, Samuel Blatt, defendant's manager, testified: "I didn't see the way she was cutting herself, but from the second her finger started to bleed I noticed it." It is not essential that there should have been an eye-witness if the circumstances are such as to satisfy reasonable and well-balanced minds that an accident did occur. Blatt advised the deceased girl to see the store nurse. She left her place of duty, but as she returned in a few moments she evidently did not receive any treatment at that time. The referee found that "the nurse was not present when she arrived at the first aid hospital and the decedent did not wait for treatment." Blatt stated that she reported for work the next day, which was Saturday, and while engaged in brushing shoes with a wire brush, the cut on her finger was reopened and started to bleed again. She returned to work the following Monday but complained of a headache and Blatt sent her again to the store hospital. She was unable, owing to her illness, to work thereafter. Dr. Goldstein, who had been summoned March 5th, testified that he found the deceased with a temperature of 102½, that she had a slight scratch on the right index finger and a swelling about the size of an ordinary egg in one of the glands of the right axilla. Her condition did not improve and three days later she was removed to the Montefiore Hospital. About the time she was being prepared for an incision of the axilla abscess, she collapsed and was given blood transfusions. She continued to grow worse and died April 24, 1933. A post mortem examination confirmed the previous diagnosis that the cause of death was strepticoccic sep-

ticemia. The referee found from the medical testimony that the fatal infection was the direct result of the injury to the right index finger suffered on February 24, 1933, and awarded compensation, and allowed the hospital bill in the sum of $245.04, $100 to Dr. Goldstein for professional services, $150 for blood tranfusions, $90 nurses' fees, and $150 burial expenses.

The burden was on the claimant to show a compensable accident within the meaning of the Workmen's Compensation Act. All the attending circumstances support the inference that the girl's finger was cut while in the course of her employment. Just exactly how it occurred was not shown; but that was not necessary: *Felker v. American Chain Co.*, 84 Pa. Superior Ct. 437. We have competent testimony that the deceased was working with a knife in her hand and her finger started to bleed; that the same evening she exhibited the injured right index finger to her lodging house mistress; and that the cut was reopened the next day. The attending physician expressed the opinion that the injured finger was the port of entry of the germ which ultimately caused her death. The referee was not only fully warranted in finding as a fact that the deceased was injured in the course of her employment, but that, under the evidence adduced, her dependent mother was entitled to compensation.

The appellants' principal objection is that there was insufficient evidence to warrant the allowance of medical and hospital bills and burial expenses. It is apparent that these various bills were before the referee, and the attorney for the appellee stated at the bar of this court that they were shown to the defendant's attorney. The report of the referee tends to support this statement. If the bills had not been presented, he could not have determined their respective amounts. While formal proof thereof was not made a part of the record, it must

be borne in mind that the proceedings before a referee are informal and the same strict obedience to rules of evidence is not adhered to as in a court proceeding. It is quite significant, also, that in the appeal to the referee's findings of fact no exception was taken to the allowance of these charges or to the finding that the burial expenses exceeded $150. The sums claimed for medical, surgical, and hospital treatment and services were allowed in conformity with section 306(e) of the Workmen's Compensation Act of June 2, 1915, P. L. 736, amended by the Acts of June 26, 1919, P. L. 642, §1, and April 13, 1927, P. L. 186, §1 (77 PS §531), which provides that during the first thirty days after disability begins, the employer shall furnish reasonable surgical and medical services, medicines, and supplies and that the cost thereof shall not exceed $100; if the employer shall refuse to furnish such services, etc., the employee may procure the same and shall receive from the employer the reasonable cost thereof within the above limitations. In addition to the foregoing services, etc., hospital treatment, services, and supplies shall be furnished by the employer for a period of thirty days and shall not exceed the prevailing charge in the hospital for like services to other individuals.

It is well known that the transfusion of blood is favorably recognized as proper treatment in certain cases by the medical profession. The subsequent death of this girl clearly established the necessity for the attending physician to resort to all approved methods of surgery to save her life. All the services rendered were part of the hospital treatment reasonably required, and the charges therefor were properly allowed: *Denne v. Plymouth Coal Co.*, 91 Pa. Superior Ct. 429. If there was any question as to the need for the services, the reasonableness of the charges, the sufficiency of the proof thereof, or the failure to show that the deceased or anyone in her behalf had not made application to her em-

ployer for medical or surgical services, as appellants alleged, appropriate objections should have been made at the hearing before the referee or upon appeal to the board. In compensation cases, where rules of evidence are not rigidly enforced, medical and hospital bills presented and not objected to may be deemed to be sufficient evidence to support an allowance. In the case at bar, if there was not an express acquiescence to the amounts of the bills, no objection was made thereto until an appeal was taken to the court of common pleas; that was too late. Such dilatory methods should not be successfully rewarded.

Judgment is affirmed.