Roebuck *v.* Swift & Company, Appellant.

358

Argued December 13, 1938.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker and Rhodes, JJ.

*Penrose Hertzler,* with him *M. M. Burke,* for appellant.

*B. D. Troutman,* for appellee.

Opinion by Stadtfeld, J., January 31, 1939:

This is a workmen's compensation case. The claimant's decedent, William Otterbein, while in the course of his employment with the defendant on January 9,

1934, suffered an accident consisting of an abrasion on the back of his right hand in the area between the index and middle fingers. Decedent continued to work until February 9, 1934, when, while not in the course of his employment, his ears were frozen. He remained home until February 12, 1934. He worked regularly until March 29, 1934, when he complained of suffering from a sore throat. The same day, the family physician, Dr. Lewis H. Bacon, was called to the home, heard his complaint of a severe sore throat, and diagnosed the case as acute fulminating tonsilitis with high temperature. The patient told Dr. Bacon that he had not been feeling well since he had an injury to his wrist. His condition became progressively worse and was then diagnosed as a typical streptococcic blood stream infection. He was admitted to the Good Samaritan Hospital on April 5 and remained there until his death on April 29, 1934, the cause of his death being given as acute tonsilitis, streptococcus hemolytic septicemia and lobar pneumonia with metastatic abscesses as contributory causes. From the time of his injury on January 9, 1934, Otterbein complained of not feeling right, had no ambition to do anything.

On April 29, 1935, the claimant, Mrs. Mary Roebuck, filed a claim petition in which she alleged that the decedent, William Otterbein, her son, sustained an accidental injury on January 9, 1934, while in the course of his employment with the defendant company, which resulted in his death. A hearing was held by the referee on April 29, 1936. On May 6, 1936, the referee made an order of disallowance. From this order, the claimant appealed to the Workmen's Compensation Board. The board, in its opinion of December 22, 1936, set aside the referee's findings of fact, conclusions of law and order of disallowance, and remanded the record to the referee for the purpose of determining the exact location of the injury sustained as a result of the accident. A further hearing was held by the referee on February

16, 1937. On March 13, 1937, the referee found as a fact, ".......that the unforeseen happening of January 9, 1934, was a contributory cause to his death on April 29, 1934", and concluded as a matter of law that, "The injury sustained by the decedent on January 9, 1934, having contributed to his death on April 29, 1934, the petition of the claimant for compensation should be granted," and, accordingly, awarded compensation. The defendant appealed to the board. On July 20, 1937, the board affirmed the findings of fact, conclusions of law and award of the referee. From the decision of the board, an appeal was taken by the defendant to the Court of Common Pleas of Schuylkill County. That court, on January 3, 1938, in an opinion written by CURRAN, J., sustained the decision of the Workmen's Compensation Board and dismissed the appeal. The appeal to this court followed.

The sole question before this court is whether there is any legally competent evidence to support the findings and conclusions of the board that the injury suffered by the claimant's decedent, on January 9, 1934, contributed to his death on April 29, 1934.

The testimony showed that decedent was twenty years of age, and prior to his accidental injury on January 9, 1934, had always been in good health; that he was treated for the injury on January 9th, 10th and 12th by Dr. Vincent Callery of Pottsville, Pa., who died April 28, 1934.

Dr. Lewis H. Bacon testified that he first treated Otterbein at his home on March 29, 1934, and was told by the deceased, that he had been feeling bad since he had sustained an injury to his wrist; that on examination, the doctor found an acute fulminating tonsilitis with high temperature; that he admitted him to the Good Samaritan Hospital on April 5, 1934; that he had a typical streptococcic blood stream infection, and died April 29, 1934; that the cause of death given in the

certificate was acute tonsilitis, hemolytic septicemia, lobar pneumonia and metastatic abscesses.

Dr. Bacon also testified: "Q. Did you take into consideration this boy was a strong, active boy, never consulted a doctor, active in athletics; state whether or not with that kind of an injury it is your judgment there is a relation between them; state whether or not there is a relation between the injury to his right hand and the blood stream infection that you treated him for and from which he died? A. There was a chain of evidence from the time he had this injury. Q. How can you say that, doctor? A. Lowered resistance which could have taken an active part in any infection that developed after. Q. What did you hear out of the ordinary that would indicate lowered resistance between January 9th, and February 29th, what the patient told you, not the mother? A. He said he had been feeling rotten ever since his injury to his wrist."

Dr. William C. Dorasavage testified: "Q. Will you give us your professional judgment as to whether or not this injury to the young man's right hand was a marked contributory factor in the general conditions described by Dr. Bacon which resulted in the boy's death? A. From what I heard here, what the mother said [on the street] and what Dr. Bacon said about the boy feeling badly ever since he had this wrist infection and the subsequent course of events I believe in all probability it was the cause of his septicemia. Q. Will you give us your professional judgment as to whether or not this injury on the back of the right hand of William Otterbein was a marked contributory factor in the septicemia and acute tonsilitis and the train of events that resulted in his death by pneumonia on 29th of April, 1934? A. From the history of the case and the train of events I believe it was contributory, causing his death. ...... Q. Can you attribute the abrasions on the right hand as being the portal of entry of the germs? A. I do; I have seen quite a few cases. May heal up within a few

days but the bacteria has been in the blood stream and lodged in these vital organs, and not feel quite well and then have secondary invasions, and that can occur days and months to the original entry to the blood stream. No specified time."

It was the opinion of the board that the testimony in this case fully supported the findings of the referee.

In *Mager v. State Workmen's Insurance Fund et al.*, 127 Pa. Superior Ct. 438, 193 A. 155, it was said, at p. 441: "The Workmen's Compensation Board is the final fact-finding body in compensation cases. Where the findings of fact made by the board are based on competent evidence, they are conclusive, and our courts have no power to weigh the evidence and revise those findings or reverse the final action of the board: *Vorbnoff v. Mesta Machine Co. et al.*, 286 Pa. 199, 133 A. 256; *Ford v. A. E. Dick Co.*, 288 Pa. 140, 135 A. 903; *Slemba v. Hamilton & Sons*, 290 Pa. 267, 138 A. 841."

Considering the evidence, as we are required to do *(Carville v. Bornot & Co.*, 288 Pa. 104, 110), in the light most favorable to the appellee, we are satisfied that the testimony of record adequately meets the standard of proof, required of expert medical opinion to show that the accident was responsible for decedent's death. As enunciated in the case of *Vorbnoff v. Mesta Machine Co.*, 286 Pa. 199, 205, 206, 133 A. 256, the standard of proof required is as follows: "If he (claimant) depended upon expert medical testimony for that purpose, the expert would have to state plainly the professional view that the accident had materially 'contributed' *(Farran v. Curtis*, 276 Pa. 553, 556; see also *Clark v. Lehigh V. C. Co.*, 264 Pa. 529, 533) to the ailments from which claimant suffers, in the sense of being, if not the sole cause, then, at least, the 'superinducing cause' thereof: *Jones v. Phila. & Reading C. & I. Co.*, 285 Pa. 317, 320." The testimony of Dr. William C. Dorasavage, in the instant case, was precisely to this effect.

We conclude, therefore, that the findings and conclu-

sions of the board are well supported by legally competent evidence; and, this conclusion is amply sustained by recent decisions of this court.

*Piotrowski v. T. O. Dey Co.*, 123 Pa. Superior Ct. 29, 32, 185 A. 862, is a case where medical testimony showed that the cause of death was streptococcic infection as the direct result of a cut on the finger. It was held that: "The attending physician expressed the opinion that the injured finger was the port of entry of the germ which ultimately caused her death. The referee was not only fully warranted in finding as a fact that the deceased was injured in the course of her employment, but that, under the evidence adduced, her dependent mother was entitled to compensation."

So, in *Puzio v. Susquehanna Collieries Co.*, 126 Pa. Superior Ct. 488, 492, 191 A. 222, it was held: " 'Testimony of physicians in cases of this character, to be competent and ample to sustain a finding of fact, need not be so definite as to be without doubt; the opinion expressed must, however, be sufficiently exact to satisfy the mind of the referee or board that the accident in controversy contributed to claimant's condition' *Farran v. Curtis Publishing Co. et al.*, 276 Pa. 553, at page 556, 120 A. 544 at page 545. Claimant's medical expert, after an examination of claimant, was of the opinion that his present inability to work was the result of the accident which he sustained on December 24, 1932. This testimony, together with the testimony referring to claimant's physical condition both before and after the accident, was sufficient to warrant the findings of the referee and board."

Likewise, in *Benci v. Vesta Coal Co.*, 131 Pa. Superior Ct. 435, 440, 200 A. 308, it was held: "When the course of events is considered in connection with the medical testimony and as that testimony interpreted the events, there is no question that the testimony was sufficient to support the findings of the board."

Notwithstanding a careful consideration of the able

brief on behalf of appellants, we cannot say the lower court erred in entering judgment on the award.

The assignments of error are overruled and judgment affirmed.