## Levins v. Philadelphia Hospital

*Alexander F. Barbieri*, for claimant.
*Joseph Sharfsin*, for defendant.

SLOANE, J., June 2, 1939.—This claimant was injured in January of 1935. She was an employe of the Department of Public Health of the City of Philadelphia—a maid in the Philadelphia Hospital for Contagious Diseases, a hospital under the department's control. She fell in going early one morning from the maid's quarters to the nurses' quarters. She sustained serious injuries (primarily hemorrhage in the brain) ; really, she never recovered, but lingered on, mentally and physically deteriorated, until her death in January of this year, though part of her physical condition (arteriosclerosis) existed prior to her fall.

The hospital paid her wages for 66 days, though she did no work, and could not. On May 15, 1935, she signed the following paper, headed, "Final Receipt and Acknowl-

edgment of No Further Claim". We recite this paper in full because upon it hinges this appeal.

"Philadelphia, Pa., May 15, 1935.
"To the Workmen's Compensation Board,
  Harrisburg, Pa.
"Gentlemen:
"I, the undersigned, being an employe of the Department of Public Health, Bureau of Hospitals, having been injured on January 24, 1935 while in the course of my employment, do hereby acknowledge that I was disabled and prevented from following my occupation for 66 days, for which I have received from the City of Philadelphia my wages in full, during the period of my disability, and do hereby acknowledge that I have no further claim or demand against the City of Philadelphia for compensation occasioned by virtue of the disability caused by such accident in the course of my employment.

"Yours very truly,
      MARY (her mark) LEVINS
      per J. J. Griffin
      Margaret E. Harmen—Witnesses"

In 1936, claimant filed her claim petition. Defendant opposed the petition on the ground that it was filed more than a year after the date of the accident: The Workmen's Compensation Act of June 2, 1915, P. L. 736, art. III, sec. 315, 77 PS §602.

It is not contended that the hospital as a branch of our municipality's activities is not subject to The Workmen's Compensation Act, nor that the referee did not have competent evidence upon which to base his findings. Counsel for defendant freely says that the only question before us is of law, whether the paper which we recited is a final receipt for compensation or a receipt for wages.

If it is just a receipt for wages, defendant's position is sound, for then claimant did wait more than a year in filing her petition, and she is barred: The Workmen's Compensation Act, supra. But if it is a final receipt for

compensation, then it includes within it the agreement to receive (wages in lieu of) compensation, and as a final receipt it can be set aside upon certain grounds within "any time", that is, within the prescribed period of compensation for disability: Section 434 of The Workmen's Compensation Act as amended by the Act of June 26, 1919, P. L. 642, 77 PS §1001; Shuler v. Midvalley Coal Co., 296 Pa. 503; Borzor v. Alan Wood Steel Co., 130 Pa. Superior Ct. 182, 184; Nigbrowich v. State Workmen's Insurance Fund et al., 131 Pa. Superior Ct. 532, 537, 538, and cases cited in footnote, allocatur refused by the Supreme Court, 131 Pa. Superior Ct. xxxiv.

The referee (confirmed by the board) did find as facts: (1) That claimant was injured by an accident in employment; (2) that she was totally disabled, in mind and body; (3) that the city (through its departments) made it a practice to pay full wages to injured employes, in lieu of compensation, and to take receipts or releases upon cessation of disability; (4) that claimant received wages in lieu of compensation for 66 days and executed a final receipt terminating the compensation; (5) that at the time she signed "this final receipt she was totally disabled and so mentally impaired that she was incapable of knowing what she was signing."

Claimant's petition was treated as "a petition for setting aside the final receipt"; the receipt was set aside; an award was made. The board affirmed the referee's findings of fact, conclusions of law, and award. Defendant appealed.

The paper signed by claimant was a final receipt and release. Scrutiny is not necessary to reach this conclusion. First reading, almost, gives signification. The words themselves reveal the purport, though the paper itself may not be in strict form. It is addressed to the Workmen's Compensation Board; it recites disability through injury; the receipt of wages during the period of disability, and acknowledges (by claimant) no further claim "for com-

pensation occasioned by virtue of the disability caused by such accident in the course of my employment." What else could it be? If a receipt for wages, why any reference to injury *in the course of employment,* why a reference to the Workmen's Compensation Board, or to a period of disability, or to claim for compensation?

"It is said that when the meaning of language is plain we are not to resort to evidence . . . to raise doubts. That is rather an axiom of experience than a rule of law, and does not preclude consideration of persuasive evidence if it exists": Mr. Justice Holmes in Boston Sand & Gravel Co. v. United States, 278 U. S. 41, 48. The language of the paper is plain in its meaning, but even if we resort to other evidence to ascertain its meaning, all doubt is removed. For we have the stipulation of counsel attached to the record.. This explains much. According to the stipulation, it was the custom of the city through its departments to pay wages in lieu of compensation, and to obtain final receipts when compensation was discontinued. That was the city's method of compliance with The Workmen's Compensation Act, disregarding formal compensation agreements, or final receipts in form prescribed by the Workmen's Compensation Bureau. We cannot get ourselves to criticize the city, for it paid more to its injured employes than required by the act (full wages in lieu of compensation). It is difficult to be fault-finding with one who does more than the act's bidding. But actually it remains that the city did not follow the act, though we are given to understand that correction has been made pursuant to the city solicitor's instructions toward strict compliance.

Since the paper, here, was a final receipt, and we so hold, it could be set aside as we have suggested. And the referee and board could consider claimant's petition as her attempt to set it aside, for "In the administration of this humane legislation, it is not the policy of this court to impale a deserving claimant upon technicalities of pleading": Busi v. A. S. Wilson Co. et al., 110 Pa. Su-

perior Ct. 95, 101; and therefore could construe it "in the liberal and humanitarian viewpoint intended by the legislature": Shetina v. Pittsburgh Terminal Coal Corp., 114 Pa. Superior Ct. 108, 110, 119 Pa. Superior Ct. 425, 430.

The referee set aside the receipt because he found that claimant signed it when "she was totally disabled and so mentally impaired that she was incapable of knowing what she was signing." There was competent evidence to sustain that finding as well as the other findings of fact and, of course, we will not disturb them: Roebuck v. Swift & Co., 134 Pa. Superior Ct. 357, 362.

We can observe further, having reviewed the record, that it is significant that claimant did not sign the final receipt. She made a mark, though normally she could write, for she did sign her claim petition. That is an indication of her condition when the receipt was presented to her for her signature.

Since there was an accident, an injury, and total disability, and since the receipt was set aside, the referee was correct in making an award for the period of total disability, that is, to the date of claimant's death and no more, as stipulated.

We cannot help but note with regret the delay in terminating this case. Happily, the fault is not ours and we do not censure others, but we do seriously note that cases of this type are entitled to the precedence pronounced by statute and decision.

### Order

And now, June 2, 1939, defendant's exceptions are dismissed, the award is affirmed and judgment is entered for claimant in the sum of $2,350, being compensation at the rate of $11.75 per week from March 31, 1935, to January 29, 1939, the date of claimant's death, credit having been allowed to defendant for payments of wages in lieu of compensation from January 31, 1935 (one week after the accident of January 24, 1935), to March 31,

1935, together with interest at the rate of six percent per annum upon the sum of $11.75 per week from March 31, 1935, to be paid at the time the first payment is actually made, computed from the respective due dates when the weekly payments of $11.75 should have been made.