## BEEZER v. BALTIMORE & O. R. CO.
### Civ. A. No. 8236.

United States District Court
W. D. Pennsylvania.

Sept. 29, 1952.

Edward V. Buckley, Pittsburgh, Pa., for plaintiff.

Marvin D. Power, Margiotti & Casey, Pittsburgh, Pa., for defendant.

STEWART, District Judge.

Plaintiff brought this action under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., to recover for injuries allegedly sustained by him in the course of his employment for defendant and due to the negligence of the defendant. After a trial lasting five days, a jury, on April 23,

1952, returned a verdict for plaintiff in the amount of $36,000. Counsel for defendant filed a motion for judgment n. o. v. or, in the alternative, for a new trial.

■ Defendant first urges that plaintiff has failed to prove any negligence. Plaintiff contended that his injury was caused by the negligence of the defendant in failing to provide a safe place to work, and, specifically, that there was a failure to light the inspection pit in which he was working, and that the steps at the end of this pit were blocked, requiring the plaintiff to leave the pit at a place other than the normal exit. There was substantial evidence in support of these allegations. The defendant's contention that the proof adduced by plaintiff does not support a finding that the negligence of the defendant proximately caused plaintiff to strike his head while leaving the pit is without merit.

■ Defendant's counsel also contends that there is no competent medical proof that plaintiff's present physical condition was legally caused by this blow. The rule with respect to expert medical testimony in Pennsylvania is that the physician must testify that it is his professional opinion that the result in question came from the cause alleged and that it is not enough to testify that it probably came therefrom.[1] The testimony of at least two of the physicians who were witnesses for plaintiff meets the standard laid down in the Pennsylvania cases cited herein. In addition, entries on hospital records support this finding. We conclude, therefore, that there was sufficient competent medical testimony to support the jury's finding. It should be noted here also that defendant does not object to the charge of the Court in this regard.

■ One further point raised by defendant requires brief discussion. Defendant argues that the damages are excessive and capricious and not supported by the evidence. In our judgment, the jury in this case approached the question of damages in an unusually intelligent and careful manner. Their verdict was as follows:

"And now, to wit: April 23, 1952, we, the Jurors empaneled in the above-entitled case, find the defendant liable in the above action and award the plaintiff

$12,000 wages from July 1, 1950–April, 1952

$22,850–April, 1952 until 65 years of age in form of wages

$1,150   (Pain and suffering)

$36,000 total sum."

A considerable portion of the section of defendant's brief relating to this question refers to that portion of the verdict which awards plaintiff $12,000 wages from July 1, 1950 to date of trial. This is obviously a clerical error in the verdict and the conclusion is inescapable that the $12,000 represents damages for loss of wages from the date plaintiff ceased to work, which was July 1, 1949, and that it does not reflect any indication that the jury meant to refuse to reimburse plaintiff for wages lost the first year after he ceased work. The undisputed evidence established that plaintiff ceased work on June 18, 1949 and had two weeks vacation thereafter. Consequently, we instructed the jury that if they found that plaintiff was entitled to recover any damages, then one of the elements of damages was his loss of earnings from July 1, 1949, to the date of the verdict. A computation of the wages lost prior to the date of the verdict results in a sum of approximately $12,000 indicating that the computation was made from July 1, 1949. Defendant argues further that the lost wages must be based on the hourly rate plaintiff was receiving when he ceased work in 1949 because the evidence of subsequent wage increases for this job was not sufficiently definite. This conclusion is not justified. The dates of the wage increases were sufficiently specific and a check of the jury's computation indicates they followed the testimony in this regard. We cannot say that the damages awarded in this case were excessive.

The remaining points raised by defendant require no discussion.

Defendant's motion will be denied.

1. Monahan v. Seeds & Durham, 1939, 336 Pa. 67, 6 A.2d 889; Vorbnoff v. Mesta Machine Co., 1926, 286 Pa. 199, 133 A. 256; Elonis v. Lytle Coal Co., 1939, 134 Pa.Super. 264, 3 A.2d 995.