## Kopchak, Appellant, *v.* Lincoln Gas Coal Co. et al.

*Workmen's Compensation Act—Sections 306 and 307—Medical and hospital expenses—Funeral expenses—Act of June 26, 1919, P. L. 642.*

The Workmen's Compensation Act of 1915, section 306, as amended by Act of June 26, 1919, P. L. 642, requires the employer, during the first thirty days of total disability of an employee, to furnish reasonable surgical and medical services and supplies, as and when needed, at a cost not exceeding $100, and, in addition, hospital treatment for 30 days.

Section 307 provides for payment by the employer of a sum not in excess of $100 for the expenses of last sickness and burial in case of death, such payment to be made either to dependents, if any, or to the personal representatives of the deceased.

· The clear intent of the act is that, in case of death, the dependents or personal representatives shall receive an amount not exceeding $100, in the nature of an exemption fund, to meet burial and other expenses of the last illness.

It was error for the court of common pleas to reverse an award of the Workmen's Compensation Board, and to exempt an employer from the necessity of paying $100 on account of funeral expenses,

because payment had been made in excess of that amount for the medical and hospital expenses of the employee.

Submitted April 25, 1922.    Appeal, No. 22, April T., 1922, by plaintiff, from judgment of C. P. Allegheny County, April T., 1921, No. 1993, sustaining exceptions and modifying award upon appeal from the decision of the Workmen's Compensation Board, in the case of Annie Kopchak v. Lincoln Gas Coal Company and Ætna Life Insurance Company, insurance carrier.    Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.    Reversed.

Appeal from Workmen's Compensation Board.    Before STONE, J.

The facts are stated in the opinion of the Superior Court.

The court below sustained exceptions, and modified the award of the Workmen's Compensation Board as to the allowance for funeral expenses.    Plaintiff appealed.

*Error assigned* was the judgment of the court.

*Louis V. Barach,* for appellant.

*John M. Reed,* of *Reed & Blair,* for appellee.

OPINION BY GAWTHROP, J., July 13, 1922:

The facts of this case are not in dispute.    Plaintiff's husband, while employed as a laborer by the Lincoln Gas Coal Company, died June 7, 1920, as a result of injuries sustained June 3, 1920, in the course of his employment.    The expenses of his last illness amounted to $138.50, $100 of which was paid to a physician; $31.50 to a hospital, and $7 for an ambulance, all of which was paid by defendant.    The funeral expenses were in excess of $100.    The referee awarded the plaintiff widow compensation at the rate of $10 per week from June 18, 1920,

to March 18, 1926, a period of 300 weeks, payable as the wages of the deceased were payable, and an additional sum of $100 for burial expenses of her deceased husband, and from March 18, 1926, compensation was awarded to the guardian of a minor child at the rate of 15% of $20, or $3 per week until the minor becomes sixteen years of age. An appeal to the Workmen's Compensation Board was dismissed; whereupon, an appeal was taken to the court of common pleas, which sustained the exceptions and remitted the record to the Workmen's Compensation Board, with instructions to strike from the award the sum of $100 for burial expenses of the deceased.

The assignment of error challenges the correctness of the order of the court of common pleas striking out the award of $100 for burial expenses. Section 307 of the Workmen's Compensation Act of 1915, P. L. 736, as amended by the Act of 1919, P. L. 642, provides the basis on which compensation shall be computed in case of death and determines the persons to whom it shall be distributed. Paragraph seven thereof is as follows: "Whether or not there be dependents as aforesaid, the reasonable expenses of the last sickness and burial, not exceeding one hundred dollars (without deduction of any amounts theretofore paid for compensation or for medical expenses), payable to the dependents, or, if there be no dependents, then to the personal representatives of the deceased."

When the legislature imposed upon an employer the duty to pay to the dependents, or, if there be none, then to the personal representatives of the deceased, a sum not in excess of one hundred dollars for the reasonable expenses of last sickness and burial, the employer cannot relieve himself by paying certain expenses of the deceased during his last illness and handing to the persons designated to receive the money a receipt for the amount paid. Such an interpretation would do violence to the plain terms of the section. In the present case, the employer paid $138.50 for medical services and hospital and

ambulance charges growing out of the five days' illness of the deceased, and urges that thereby it was relieved from the payment of the one hundred dollars due under paragraph 7 of article III, section 307, of the act. While the plain words of paragraph seven, that the expenses of last sickness and burial are payable to the dependents, are a complete answer to this contention, an examination of section 306 of the same article of the Workmen's Compensation Act as amended by the Act of 1919, P. L. 642, also discloses the fallacy of defendant's contention. Section 306 relates to compensation for injuries resulting in total disability. Under it the employer is required, during the first thirty days after disability begins, to furnish reasonable surgical and medical services, medicine and supplies, as and when needed, at a cost not exceeding one hundred dollars, and in addition to the above services, hospital treatment, services and supplies for thirty days at the prevailing rates. It is too plain for argument that in this case the employer was liable under section 306 for medical and hospital services and medicines during the time the deceased was totally incapacitated, provided these expenses were within the limit fixed by that section. It was to prevent contentions like the present that the legislature provided in paragraph 7 of section 307 of the act that the payment of the reasonable expenses of last sickness and burial should be without deduction for any amounts theretofore paid for compensation and without deduction for the cost of such medical services as the employer was bound to furnish during the thirty-day period of total disability. The clear meaning of paragraph seven is that in case of death the dependents, of if there be none, then the personal representatives of the deceased, shall receive from the employer an amount not exceeding one hundred dollars, in the nature of an exemption fund, to meet burial and other expenses of the last illness.

The order of the court below is reversed and the record remitted with direction to affirm the award of the Workmen's Compensation Board.