# Denne, Appellant, v. Plymouth Coal Mining Company.

*Workmen's Compensation Act—Hospital treatment—Limitation of employer's liability—Workmen's Compensation Board—Rules— Power to make—Act of June 2, 1915, P. L. 736, section 306, as amended by the Act of June 26, 1919, P. L. 642.*

In a claim under the Workmen's Compensation Act the plaintiff, because of injuries received while in the employment of defendant, had become entitled to medical, surgical and hospital treatment under section 306 of the Compensation Act. Plaintiff's hospital expenses for the first thirty days amounted to $137.75.

Under such circumstances, an award of only one hundred dollars, under a rule of the Workmen's Compensation Board attempting to limit the employer's liability for hospital treatment to that amount although affirmed by the court below, will be reversed and the record remitted for specific findings of fact by the Board.

The Act of June 2, 1915, P. L. 736, section 306, as amended by the Act of June 26, 1919, P. L. 642, provides for the payment by the employer during the first thirty days of disability of employee of reasonable surgical and medical service, medicines and supplies not exceeding one hundred dollars; and in addition thereto for hospital treatment, service and supplies for thirty days, not in any case to exceed the prevailing charge in the hospital for like services to other individuals.

The liability of the employer for reasonable surgical and medical services, medicine and supplies cannot exceed one hundred dollars, but the Legislature has fixed no limitation upon the liability of an employer for the hospital treatment to be furnished the injured employee for the first thirty days, except that its cost shall be reasonable and the standard prescribed for testing reasonableness is that this cost "shall not in any case exceed the prevailing charge in the hospital for like services to other individuals."

The amount which an employer may legally be ordered to pay for said treatment in any particular case is primarily a question of fact to be determined under the evidence in that case.

It is beyond the power of the Workmen's Compensation Board to place a limitation upon the amount to be allowed for hospital treatment other than that fixed by plain legislative enactment.

Argued April 21, 1927. Appeal No. 170, April T., 1927, by plaintiff, from judgment of C. P. Cambria County, December T., 1926, No. 315, in the case of John Louis Denne v. Plymouth Coal Mining Company, Before Porter, P. J., Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ. Reversed.

## 430 DENNE, Appellant, v. PLYMOUTH COAL CO.

Appeal from an award of the Workmen's Compensation Board. Before Evans, P. J.

The opinion of the Superior Court states the facts.

The court sustained the award of the Workmen's Compensation Board. Plaintiff appealed.

*Error assigned,* among others, was the order of the court.

*Peter P. Jurchak,* for appellant.—The Compensation Board has no power to adopt rules contrary to the provisions of the Compensation Act.—Kuca v. Lehigh Valley Coal Co., 268 Pa. 163; McCauley v. Imperial Woolen Co., 261 Pa. 312; Kopchak v. The Lincoln Gas Coal Co., 79 Pa. Superior Ct. 536.

*Emily H. Wilson,* and with her *Harry J. Nesbit* and *Charles C. Greer,* for appellee.—The Compensation Board had power to adopt the rule under consideration.—Jensen v. Atlantic Refining Co., 262 Pa. 374; Rakie v. Jefferson & Clearfield C. & I. Co., 262 Pa. 445; Rodman v. Smedley, 276 Pa. 296.

Opinion by Cunningham, J., July 8, 1927:

This appeal is from a judgment entered in the court below in a workmen's compensation case. An analysis of the procedure followed by the Referee, the board and the Court of Common Pleas of Cambria County discloses that the judgment must be reversed and the court directed to return the record to the Workmen's Compensation Board, to the end that it may properly discharge the duties committed to it by law. Appellant, the claimant for compensation, was injured in November, 1925, while in the employ of appellee, Plymouth Coal Mining Company, and under Section 306 (e) of the Act of June 2, 1915, P. L. 736, as amended by the Act of June 26, 1919, P. L. 642, thereupon be-

came entitled, among other things, to be furnished by
his employer during the first thirty days after dis-
ability with ''reasonable surgical and medical services,
medicines, and supplies, as and when needed,'' at a
cost not exceeding $100, and ''in addition to the above
services, medicines and supplies, hospital treatment,
services, and supplies ........ for the said period of
thirty days.''   It is expressly provided that ''the cost
for such hospital treatment, service, and supplies shall
not in any case exceed the prevailing charge in the
hospital for like services to other individuals.''   In
this case we are dealing only with the ''hospital treat-
ment, services, and supplies,'' which are to be fur-
nished in addition to reasonable surgical and medical
services, medicines and supplies.   The liability of the
employer for the latter cannot exceed $100, but he is
liable for hospital treatment, services and supplies
''at the prevailing rates'':   Kopchak, App., v. Lincoln
Gas Coal Company, 79 Pa. Superior Ct. 539.   The
Legislature has fixed no limitation upon the liability
of an employer for the hospital treatment to be fur-
nished an injured employe for the first thirty days ex-
cept, of course, that its cost shall be reasonable and
the standard prescribed for testing reasonableness is
that this cost ''shall not in any case exceed the prevail-
ing charge in the hospital for like services to other
individuals.''   The cost which an employer may legal-
ly be ordered to pay for hospital treatment in any
particular case is primarily a question of fact to be
determined under the evidence in that case.   No gen-
eral rule, fixing a specified sum as the allowance to
be made in all cases regardless of the variation in pre-
vailing charges in different hospitals, can be laid
down. The only possible question of law involved in fix-
ing an allowance for hospital treatment relates to the
proper construction of the legislative phrase ''prevail-
ing charge ...... for like services to other individ-

uals''; that is, whether it should be construed to mean the ''prevailing charge'' to ''other individuals''treated in the wards of the hospital or to those treated in private rooms.   Counsel for appellee seem to be under the impression that the Workmen's Compensation Board has adopted a general rule fixing the maximum amount to be allowed for cost of hospital treatment at $100, and that the Referee and Board have applied such rule to this case, thereby making a finding of fact which is binding on the courts.   The court below also seems to have adopted this theory.   We do not so understand this record.   The facts as disclosed by the record show that prior to January 29, 1924, the board had adopted the following resolution: ''In accidents happening after January 1, 1920, where there are both medical and hospital charges, or hospital charges alone, the Board will rule $100 as a maximum charge for the latter.''   We need not stop to consider the question of the power of the board to adopt and enforce this rule because on January 29, 1924, that resolution was amended to read as follows: ''In accidents where there are both medical and surgical charges, or hospital charges alone, the Board will rule that phrase contained in Section 306 (e) of the Workmen's Compensation Act of 1915, as amended, which limits the cost of hospital treatment, services and supplies furnished compensation patients to the 'prevailing charge' in the hospital for like services to other individuals shall mean for like services to ward patients; and will further rule that a reasonable charge for such patients should not exceed $100 for the first thirty days except in cases beyond the ordinary and that the burden of proof shall be upon the hospital to establish such exception.''   As indicated by its language this resolution is intended to apply, inter alia, to cases in which there are ''hospital charges alone.''   If the board intended by this rule to place a limitation upon

the amount of the cost to be allowed for hospital treatment other than the limitation fixed by the act, namely, that such cost "shall not in any case exceed the prevailing charge in the hospital for like services to other individuals," it was of course beyond its power to thus change a plain legislative enactment. But if the board merely intended to give notice that in considering and fixing the cost for hospital treatment in cases arising after the adoption of the resolution it is its purpose, in determining the reasonableness of such charges, to rule as a matter of law that the words "prevailing charge" are to be construed to mean prevailing charges for services to ward patients and to rule as a matter of fact that a charge of $100 is prima facie reasonable (with the result that the burden would be upon the hospital to show that its prevailing charges for ward patients exceeded that amount), we see no serious objection to the board giving such notice of the construction it intended to place upon the amendment of 1919. This seems to be all that the board intended to do. Its construction of the law would be subject to review by the courts and it would be essential that its findings of fact be supported by competent evidence. "Compensation authorities are to decide all questions of fact and the courts are to decide those of law": Vorbnoff v. Mesta Machine Co. et al., Apps., 286 Pa. 199, 207. The difficulty here is that neither the referee nor the board followed this declared policy.

On January 7, 1926, appellant filed his petition for a review of his compensation agreement, upon the ground that his hospital expenses had not been paid in accordance with the above quoted provisions of the act. The employer replied that no bill had ever been presented covering the first thirty days of disability. At a hearing before the referee on this petition and answer testimony was taken on behalf of appellant who called the superintendent of the Conemaugh Valley

Memorial Hospital as a witness. His testimony was to
the effect that appellant had received hospital treat-
ment during the first thirty days after disability began,
namely, from November 14 to December 13, 1925, and
was at the time of the hearing still confined to the hos-
pital. The witness presented a bill for hospital treat-
ment during the first thirty days, aggregating $137.75.
The largest item in the bill was the charge of $90 for
maintenance and treatment in the ward at a daily rate
of $3. The other items of the bill were for X-ray ex-
aminations, use of the operating room, administration
of anaesthetics, laboratory charges, antitetanic serum,
etc. With respect to the charges contained in this bill
as compared with the prevailing charges in that hos-
pital for like services to other individuals the witness
testified: "Q. Is $3 per day the prevailing charge
for all ward patients at your hospital? A. Yes. Q.
Are all the charges given in this bill the prevailing
charge? A. They are, and clinics. Q. The same
charges that are made to patients that are not compen-
sation cases? A. Yes." It was also stated by the
witness that the actual cost of maintaining a patient in
the ward was at that time $4.26 per day and that $3
per day was the rate fixed by the proper state authori-
ties in distributing the state appropriation for charity
cases. Counsel for the appellee called no witnesses but
cited the above resolution of the board. The referee
apparently paid no attention whatever to the evidence,
but entered an order based entirely upon the resolu-
tion. Its language is: "In accordance with the 'Reso-
lution of the Board adopted at Harrisburg, on Jan-
uary 29, 1924,' your Referee makes the following order:
It is hereby ordered that the defendant pay the sum
of $100 to the Conemaugh Valley Memorial Hospital,
Johnstown, Pa., for hospital services rendered John
Lewis Denne, the claimant, during his first thirty days
of disability." The only thing resembling a finding

of fact based upon the evidence was a statement that no part of the hospital bill had as yet been paid by the employer. Upon appeal by claimant to the board that tribunal, instead of exercising the powers conferred upon it by Section 423 to examine the testimony taken before the referee and to hear other evidence, if deemed proper, and to make such findings of fact as the evidence, in the judgment of the board, required, merely filed the following opinion: "The referee's order directing the defendant to pay the sum of One Hundred Dollars ($100) to the Conemaugh Valley Memorial Hospital of Johnstown, Pennsylvania, is herewith affirmed." Thereupon the claimant appealed to the Court of Common Pleas of Cambria County, averring in his exceptions that the board erred in affirming the decision of the referee and erred in limiting the hospital expenses to $100. Under our compensation act it was clearly the duty of the referee to make specific findings of fact from the evidence before him relating to the prevailing charges in the hospital presenting the bill. Moreover, the board had ample authority to correct the error of the referee by making findings of fact upon the testimony taken before him and such other testimony as it might deem proper to take: Vonot v. Hudson Coal Co., 285 Pa. 385; Calderwood, App., v. Consolidated Lumber and Supply Co., 91 Pa. Superior Ct. 189. When the appeal came into the Court of Common Pleas under Section 427 there were no findings of the referee or board which would "enable it to decide the question of law raised by the appeal," namely, whether the provisions of the amendment of 1919 relating to the cost of hospital treatment had been properly construed. Under such circumstances we think it was the duty of the court to exercise the power specifically conferred upon it and "remit the record to the board" for such specific findings of fact as would enable the court, in the event of an ap-

peal, to determine whether the board had correctly construed the provisions of the act and whether there was any evidence, competent in law, to sustain such findings of fact as the board might make (Vorbnoff v. Mesta Machine Co. et al., Apps., supra.) Being of opinion that the assignments should be sustained, it is our duty, under the precedents established in Kuca, App., v. Lehigh Valley Coal Co., 268 Pa. 163, and the Vorbnoff case, to reverse the judgment.

The judgment of the court below is accordingly reversed and that tribunal is directed to return the record to the compensation board for further proceedings consistent with this opinion.