## Allen v. Bill's Tire Shop, Maryland Casualty Company, Appellant.

Argued October 4, 1928.

Before Por-
TER, P. J., HENDERSON, TREXLER, KELLER, LINN and
CUNNINGHAM, JJ.

*Louis Wagner,* and with him *Richard A. Smith* and
*Wilbur F. Whittle,* for appellant.—There was not
competent evidence to support the findings of the
referee: State Hospital v. Lehigh Valley Coal Co., 71
Pa. Superior Ct. 545; Neary v. P. R. C. & I. Co., 264
Pa. 221; Vorbnoff v. Mesta Machine Co., 286 Pa. 205;
Karasavage v. P. & R. C. & I. Co., 76 Pa. Superior
Ct. 83; Denne v. Plymouth Coal Co., 91 Pa. Superior
Ct. 429.

*Grover C. Ladner,* of *Ladner & Ladner,* for appellee.

OPINION BY LINN, J., November 21, 1928:
After a Workmen's Compensation agreement had
been satisfied by a final receipt, claimant's petition to
re-open the case was granted on the ground that he
had erroneously failed to include an item of $100 for
medical expenses. The referee and the board al-
lowed $33; the court disregarded their findings of
fact, made its own, and awarded $100. The insurance
carrier appeals.

In Vorbnoff v. Machine Co., 286 Pa. 199, at 205 it

is said: "Section 427 of the Act of 1919 [P. L. 665] which takes the place of section 425 in the original statute [1915 P. L. 754] states that 'Any party may appeal from any action of the board on matters of law to the court of common pleas,' and that appellant 'shall file with his notice of appeal such exceptions to the action of the board as he may desire to take, [specifying] the findings of fact, if any, of the board, or of the referee sustained by the board, which he alleges to be unsupported by competent evidence'; and this is the extent to which the act permits facts to be attacked on such an appeal."

That restriction on the power of the court. below was not observed. The exceptions filed in the common pleas did not specify that any finding of fact made by the compensation board was unsupported by competent evidence; but even if we treat the exceptions filed as raising the inquiry whether the findings were supported by competent evidence, we may not sustain the result reached below.

There is evidence that on Saturday, April 17, 1926, claimant stepped on a nail that entered his foot while engaged in his employer's shop. His wound was treated at the Hahnemann Hospital and he returned to work. By the next morning it again required medical attention. He then called in his doctor who treated him until June 23rd. This doctor testified that a pus condition had developed which required immediate and quite continuous surgical treatment. The referee found as a fact that eight days after the accident "on April 25, 1926, the claimant refused the [medical] services offered by the defendant, and allowed Dr. Hoffman [claimant's physican] to treat him until the condition in his left foot had entirely cleared up." On that finding of fact the following conclusion of law (see section 306 (e) ) was predicated: "the claimant's refusal to accept the offer of the defendant made on April 25, 1926, relieves the de-

fendant of any liability for the payment of the doctor's bill after that date.'' On appeal to the Workmen's Compensation Board, the board stated the finding of fact thus: ''On April 25, 1926, the defendant sent its own physician to treat the claimant but he refused these services and elected to continue treatment from Dr. Hoffman,'' and adhered to the same legal conclusion reached by the referee.

Section 306 (e) 1919, P. L. 645 provides: ''During the first thirty days after disability begins, the employer shall furnish reasonable surgical and medical services, medicines and supplies, as and when needed, unless the employe refuses to allow them to be furnished by the employer. The cost of such services, medicines and supplies, shall not exceed one hundred dollars. If the employer shall, upon application made to him, refuse to furnish such services, medicines and supplies, the employe may procure the same and shall receive from the employer the reasonable cost thereof within the above limitations ........''

Claimant's doctor testified that on Monday, April 19th, he went to the defendant 'to tell him exactly the condition that Mr. Allen was in, and tell him I had taken charge of it, and he said 'that is all right.' No finding of fact by the referee or the board was based on that evidence, nor was any made that is inconsistent with its truth; if believed, it would support a finding that the employer received the notice given by the doctor and approved claimant's choice of physician; if he did, the result reached by the compensation authorities is wrong. The court disregarded the findings and concluded that the employer's failure to furnish medical services prior to April 25th, (the date fixed in the referee's finding of fact) ''can only be construed as neglect or refusal to furnish'' the medical services required by the statute, and that the liability to pay up to $100 resulted. While it is evident from the action of the court that ''in its opinion''

the findings were "not sufficient to enable it to decide the question of law raised by the appeal," the method of giving effect to its opinion is not that prescribed by the statute. Section 427 also provides: "Any court before whom an appeal is pending from any action of the board may remit the record to the board for more specific findings of fact, if the findings of the board or referee are not, in its opinion, sufficient to enable it to decide the question of law raised by the appeal"; see Denne v. Plymouth Coal Co., 91 Pa. Superior Ct. 429; Kuca v. L. V. Coal Co., 268 Pa. 163; Luckenbill v. P. & R. C. & T. Co., 93 Pa. Superior Ct. 438, 444.

It is obvious, if the uncontradicted evidence of the doctor is accepted, that the employer ratified the claimant's choice of physician. There is also uncontradicted evidence to the effect that claimant's condition was so serious as to require constant surgical treatment, and that it would have been dangerous, if not fatal, to have gone without surgical care from April 19th,. when the doctor notified the employer, to April 25th, when the insurance carrier's physician offered the services which claimant refused.

If facts such as these are found, (the evidence, if believed, would support them) claimant was certainly not required on April 25th to dismiss the doctor approved by the employer and accept another. There is ample ground for the view of the court below that the findings of the board and the referee are not sufficient for the decision of the legal question; the remedy for such case is specified in the section quoted. and is to remit the record to the board for more specific findings of fact.

The judgment is reversed and the record is returned to the court below with instructions to remit the record to the Workmen's Compensation Board for further hearing and determination as prescribed by law; costs to abide the result.