## Todd et al., Appellants, *v.* State Workmen's Insurance Fund et al.

Argued November 26, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Frank P. Slattery,* with him *Peter J. McCormick,* for appellants.—Where the findings are supported by competent proof, they and the inferences to be drawn therefrom are as conclusive as the verdict of a jury: Johnston v. Coal Co., 292 Pa. 509; Vorbnoff v. Machine Co., 286 Pa. 199; Laraio v. R. R., 277 Pa. 382; O'Rourke v. O'Rourke, 278 Pa. 52.

*Roscoe R. Koch,* Deputy Attorney General, with him *Ralph H. Behney* and *Thomas J. Baldrige,* Attorney General, for appellee: Palko v. Taylor-McCoy Co., 289 Pa. 401; Shoffler v. Coal Co., 290 Pa. 480; Maguire v. Lees & Sons Co., 273 Pa. 85; Callihan v. Montgomery, 272 Pa. 56; Poffinberger v. Martin, 83 Pa. Superior Ct. 524.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, January 7, 1929:

In this workman's compensation case, the referee and the board found in favor of claimants; on appeal, the court below reversed and entered judgment for defendants; claimants,—the wife and daughter of Lester E. Todd, deceased, who, at the time of his death, was employed by French Brothers, defendants,—have appealed to us.

The referee found as facts that Todd was employed by French Brothers as a salesman of motorcycles, among other articles, and that, "when injured, [he] was on his way to demonstrate, to a prospective buyer, a motorcycle belonging to......his employer; he was therefore actually furthering the interest of his employer when the accident occurred."

On appeal, before the board, and again in the court of common pleas, defendants contended that Todd was injured outside his employment, and hence there could be no award of compensation. The board refused so to find, but the court below,—finding and stating a series of facts not found by the compensation authorities, some of them being inconsistent with the stated findings of the latter, and treating the last part of the above quoted finding of the referee as though it were purely a conclusion of law,—reversed the award and entered the judgment now appealed from.

In Vorbnoff v. Mesta Machine Co., 286 Pa. 199, 205, we said: "Section 427 of the Act of 1919 [P. L. 665], which takes the place of section 425 in the original statute [1915, P. L. 754], states that 'Any party may appeal from any action of the board on matters of law to the court of common pleas,' and that appellant 'shall file with his notice of appeal such exceptions to the action of the board as he may desire to take, [specifying] the findings of fact, if any, of the board, or of the referee sustained by the board, which he alleges to be unsupported by competent evidence'; and this is the extent to which the act permits facts to be attacked on such an appeal."

The findings of the compensation authorities, on which the award in claimant's favor was made by the referee and sustained by the board, are all supported by competent evidence; and, accepting such findings, it cannot be said as a matter of law that Todd was not actually furthering the interests of his employer when the accident occurred which caused his death.

The facts that French Brothers had a restricted territory within which to sell, that their salesmen were supposed to turn in the motors belonging to their employers by nine o'clock each evening, and that Todd was injured not only when on the way to a point over the line of the prescribed territory but at a time which might have prevented him from obeying the rule as to the return of his employer's motor by nine o'clock p. m., would not necessarily defeat his right to compensation if injured; and the proof depended on by the court below could not properly be given that effect, in view of the findings of the board, amply sustained by competent evidence, that a sale such as Todd was endeavoring to make, outside the set territory, probably would have been approved by the employer defendant, and that, "considering the time decedent left home, six o'clock p. m., it would be reasonable to suppose that he believed he could travel to Uniondale [where he was to meet the prospective customer] and return before nine p. m."

Since the Act of 1919, the board can make its own findings, which, like the undisturbed findings of the referee, when supported by competent evidence, are binding on the courts: Vonot v. Hudson Coal Co., 285 Pa. 385, 389-90; Vorbnoff v. Mesta Machine Co., supra, 204-5.

The referee and the board are the fact-finding authorities, and when the findings on a record are not, in the opinion of the court before which an appeal is pending, "sufficient to enable it to decide the questions of law raised by the appeal," it "may remit the record to the board for more specific findings of fact" (Driscoll v. McAlister, 294 Pa. 169), but may not make findings of its own: Allen v. Bill's Tire Shop, 95 Pa. Superior Ct. 162. In compensation cases, the evidence comes before the courts for the purpose of ascertaining whether there is any competent evidence on the record to sustain the findings made by those vested with power to ascertain and state the facts, not to enable the court to weigh the testi-

mony and make its own findings (Kuca v. Lehigh V. C. Co., 268 Pa. 163, 165; Vorbnoff v. Mesta M. Co., supra, 209); here, the court below erred in following the latter course and thus, in effect, overruling the findings and conclusions of the compensation authorities.

The judgment is reversed; the award is reinstated and affirmed.