Ida Vordy *v.* Joseph Horne Company and American Casualty Company, Appellants.

Argued April 22, 1929.

Before TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Arthur M. Grossman,* for appellants.—There is no liability on employer where the injury is the result of a quarrel arising from personal reasons: McDevitt v. Checker Cab Company, 288 Pa. 394; Hunter v. American Steel & Wire Co., 293 Pa. 103.

*Fred Shoemaker,* and with him *William F. Knoell,* of *Shoemaker & Knoell,* for appellee.—The accident happened during the course of employment: Meusci v. Gallatin Coal Company, 279 Pa. 184; Hale v. Savage Fire Brick Company, 75 Pa. Superior Ct. 454.

OPINION BY TREXLER, J., July 2, 1929:

William Vordy was employed as a porter by Joseph Horne Company and while upon its premises was

killed by a fellow employe. His widow is the claimant under the Workmen's Compensation Act. Her claim was allowed by the referee, sustained by the Compensation Board and by the lower court.

The question before us is whether the death of claimant's husband was "caused by an act of a third person intended to injure the employee because of reasons personal to him and not directed against him as an employee or because of his employment." Act of June 2, 1915, P. L. 736, section 301.

The testimony shows that Vordy and Bly had been friends, but about two or three weeks previous to the occurrence in which Vordy was killed, they had an argument, the subject of which is not disclosed and since that time there was friction. On the day when Vordy was killed, he, during the lunch hour, came to the washroom, washed his hands and went to the sink to dry them. A supply of paper towels was usually there on a roll, but on that day, there were none and he and Bly got into a dispute as to the absence of the towels, Vordy evidently regarded the keeping of a supply of towels in the rack as Bly's duty, but Bly told Vordy to get the paper himself, that it was his duty to get it as much as his. Both parties became profane and abusive and finally Bly, without being attacked, struck Vordy with a piece of pipe and killed him.

The foreman testified that it was Bly's duty to put the paper in the container at the sink, although when none was there, the porters would go and get it for themselves.

Upon the above facts the referee found that Vordy died as the result of injuries sustained by an accident in the course of his employment and as there was sufficient testimony in the case to support this conclusion and the finding is not reviewable: Todd v. State

Workmen's Compensation Fund, 295 Pa. 14; Dalton v. Gray Line Motor Tours, 95 Pa. Superior Ct. 289. The burden rests on the defendant to show that the claim came within the exception to liability as defined by the act and that the injury resulted from an attack arising from personal difficulties: Meusci v. Gallatin Coal Co., 279 Pa. 184. Vordy's employment was not broken by the lunch hour, when he continued on the premises, and his washing his hands preparatory to eating his lunch, and thus ministering to his personal comfort was incidental to his employment although only indirectly conducive to it. Dalton v. Gray Line Motor Tours, supra, is very similar to the present case and reference is made there to a number of pertinent cases. The authorities that the course of employment does not include such situations as where workmen are injured on the employer's premises when committing or attempting to commit a felony or violating a statute or doing an act contrary to the positive orders of the employer, have no application to the present one.

The judgment of the lower court is affirmed.