## Bakunas *v.* Phila. & Reading C. & I. Co., Appellant.

*Workmen's Compensation Law — Referee's findings — Injury to eye—Cataracts—Accidents—Conflicting testimony — Question for referee.*

Where, in a claim under the Workmen's Compensation Law, specialists, called as witnesses, differed radically as to the causes of

an injury to the claimant, the fact must be determined, in the first instance, by the referee, who is authorized by law to decide it.

In such proceeding where there is evidence that the injured man had a cataract in both eyes, and, while he was at work, in the course of his employment, was struck so hard a blow on the eye, by a piece of rock or coal, that it accelerated development of the cataract, and necessitated the operation which resulted in the loss of vision of the eye, a finding by the referee that the injury resulted from an accident, and that the employee was entitled to compensation, will be affirmed.

Argued December 5, 1921.  Appeal, No. 13, Oct. T., 1921, by defendant, from judgment of C. P. Schuylkill County, Sept. T., 1920, No. 78, affirming award of the Workmen's Compensation Board in the case of Enock Bakunas v. The Philadelphia & Reading Coal & Iron Company.  Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ.  Affirmed.

Appeal from decision of Workmen's Compensation Board.  Before KOCH, J.

The facts are stated in the opinion of the Superior Court.

The court affirmed the award of the Workmen's Compensation Board.  Defendant appealed.

*Error assigned* was the order of the court entering judgment for claimant.

*John F. Whalen,* and with him *George Ellis,* for appellant.

*Henry Houck,* for appellee.

OPINION BY ORLADY, P. J., March 3, 1922:

The plaintiff was an employee of the defendant at one of its collieries, and while at work on January 13, 1919, as stated in the claim "While breaking rock with a sledge hammer, a piece of the rock flew in or struck his left eye,

causing a cataract which resulted in a surgical operation in October, 1919, and has left the eye useless for work as a miner." A hearing was had before a referee, who found that the injury resulted from an accident while the claimant was in the course of his employment, and resulted in the permanent loss of the use of the left eye, and that he was entitled to compensation, under authority of Luton v. Glennbrook Coal Mining Co., 6 Dept. Repts. 887. An appeal was taken to the Workmen's Compensation Board, and after hearing the findings of fact and the conclusions of law of the referee, were affirmed and the appeal dismissed.

From this decision an appeal was taken to the court of common pleas, where an award was entered in favor of the claimant and against the defendant, for the sum of $1,250. On this appeal the question involved is stated to be, whether there was sufficient competent testimony on which to base the findings, that the plaintiff was entitled to compensation, and whether the finding of the court below affirming the orders of the Compensation Board and the referee was supported by competent evidence.

The facts of the case were very carefully reviewed in an opinion by the court below, and an analysis of the testimony is made with great fairness......In compensation cases the credibility of the witnesses is for the referee or the board, and we cannot disturb findings of fact by them or either of them where there is evidence sufficient to sustain the findings: Kuca v. Lehigh Valley Coal Co., 268 Pa. 164. Clearly, there is evidence here to show, if believed, that Bukunas had cataract in both eyes, and that while at work in the course of his employment, he was struck so hard a blow on the left eye by a piece of coal or rock that it accelerated the development of the cataract in that eye and made necessary an operation which resulted in the loss of vision of the eye. ......And therefore, under the law the claimant is en-

titled to compensation: Clark v. Lehigh Valley Coal Co., 264 Pa. 529.

After a careful review of this very interesting case, we are all of the opinion that had the case been tried before a jury the trial judge would have been obliged to submit it for their consideration in disposing of the controverted facts.

The specialists called differed radically as to the cause of the cataract and its progressive development, and where doctors disagree at findings of the disputed facts, it must be submitted to a tribunal authorized by law to decide it. An injury of this character is a fact to be ascertained by satisfactory proof, and whether the injury in this case induced as claimed by the plaintiff, by a piece of coal or rock striking his eye, or by an unusual flash, the result was clear, that an injury had been produced by an external cause while he was in the course of his employment.

We feel bound by the decisions of the Supreme Court in Clark v. Lehigh Valley Coal Co., supra. If the condition for which compensation is claimed is brought about by an injury due to some mishap or accident happening during the course of his employment, the fact that the claimant had a chronic ailment which rendered him more susceptible to such an injury than an ordinary person would be, will not defeat his right to compensation. Assuming that claimant was suffering from cataract or a similar affection of the eye, the evidence clearly shows that the injury received accelerated its development and made a surgical operation necessary, with the resultant loss of sight of the eye. The only findings of fact before us are those of the referee which were adopted by the Compensation Board as sufficient, and on that record the judgment of the court below was correctly entered.

The assignments of error are overruled and the judgment is affirmed.