## Luckenbill, Appellant, *v*. The Philadelphia & Reading Coal & Iron Company.

*Workmen's compensation — Injury aggravating disease — Expert opinion—Sufficiency of statement.*

In a claim for compensation for disability alleged to be the result of injuries received in the course of employment, physicians testified that claimant's disability was caused by a chronic disease which could or might have been aggravated by the injury.

Such testimony, in the absence of a definite statement by the expert that in his professional opinion the disability resulted from the aggravation of the disease by the injury, was insufficient to support an award.

Where expert medical testimony is relied upon to show that the disability was caused by an aggravation of a disease through an injury in the course of employment, the expert witness must testify, not that the condition of the claimant might have, or even probably did, come from the accident, but must state unequivocally that, in his professional opinion, the result came from the cause alleged.

Argued March 13, 1928. Appeal No. 14, October T., 1927, by claimant from judgment of C. P., Schuylkill County, No. 652, July T., 1925, in the case of Charles

A. Luckenbill v. Philadelphia & Reading Coal & Iron Company. Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.   Affirmed.

Appeal from an award of the Workmen's Compensation Board. Before BECHTEL, P. J., and BERGER, J.

The facts are stated in the opinion of the Superior Court.

The court reversed the award. Claimant appealed.

*Error assigned* was the order of the court.

*Roger J. Dever,* for appellant, cited: Jones v. P. & R. C. & I. Co., 285 Pa. 317.

*John F. Whalen,* and with him *George Ellis,* for appellee.

OPINION BY CUNNINGHAM, J., April 16, 1928:

Upon a petition to review a compensation agreement between appellant, a contract miner, and his employer, appellee herein, the referee awarded compensation for total disability from May 1, 1924, to June 13, 1924, and for partial disability "from that date until there is a change in his condition"; the board affirmed the findings of the referee, added one of its own, and approved the award; the court below reversed the action of the compensation authorities and the employe has appealed to this court.

The accident upon which the original agreement for compensation was based occurred May 7, 1923, upon which date appellant, while in the course of his employment, was injured in the back by a "rush of coal" through a chute. Under that agreement he was paid for total disability to August 1 and for partial until September 27, 1923, and a final receipt was executed in October, 1923. From the X-ray examinations made immediately after the injury it was discovered that

appellant was afflicted with spondylitis of the spine— "bone deposits in the vertebrae." This disease had its inception at least months, and perhaps years, before the accident and had become chronic. After August 1, 1923, appellant was employed by appellee from time to time at outside laboring work and at breast mining until about May 1, 1924, when he quit without notice to his employer. On May 22, 1924, he was admitted to the Miners Hospital for treatment for his back and remained there until June 13, 1924, since which date he has been partially disabled. The final receipt was set aside and the award here involved made upon the theory that the existing spondylitis was so aggravated by the injury of May 7, 1923, that the partial disability from which appellant was then suffering was attributable to such aggravation. "If the condition for which compensation is claimed is brought about by an injury due to some mishap or accident happening during the course of his employment, the fact that the claimant had a chronic ailment which rendered him more susceptible to such an injury than an ordinary person would be, will not defeat his right to compensation": Bakunas v. Philadelphia and Reading Coal and Iron Co., 78 Pa. Superior Ct. 175; Clark v. Lehigh Valley Coal Co., 264 Pa. 529.

The controlling issue of fact is whether the spondylitis was so aggravated by the injury as to make the aggravation of that disease at least the superinducing cause of the present disability. The board finally found as a fact that "the claimant's present partial disability is due to an aggravation of a chronic spondylitis by his injury May 7, 1923." The question of law involved in the court below and here is whether there is "legally competent evidence" to support this finding. The burden was upon the claimant to offer proof sufficient to sustain the board's finding (Mauchline v. State Insurance Fund, 279 Pa. 524) and where, as here, he relies upon expert medical testimony the rule, as

finally announced by our Supreme Court, is that in order to support the finding the expert witness must "testify, not that the condition of claimant might have, or even probably did, come from the accident, but that 'in his professional opinion the result in question came from the cause alleged' '': Vorbnoff v. Mesta Machine Co., et al., 286 Pa. 199. The question is not free from difficulty and cannot properly be disposed of without a somewhat extended examination of the medical testimony taken at the three separate hearings occasioned by references back to the referee by the board and to the board by the court, which references were due to the unsatisfactory character of the testimony and indefinite findings of the referee and board.

At the hearing before the referee on July 15, 1924, Dr. Roth, the chief of the medical staff at the Miners Hospital, where appellant was treated from May 22 to June 13, 1924, testified: "Q. What was he suffering from, doctor; as you people diagnosed it? A. Spondylitis. Q. What is that? A. A condition in which the vertebrae of the back have increased bony deposits...... Q. Under this testimony this man had been an employee until the early part of May a year ago; said he [had] practically no trouble with his back up until that time; was caught with a rush of coal in a chute striking his back and said he had trouble ever since; whether or not in your opinion that rush of coal was responsible for the condition you found in his back? A. I would think if the rush of coal was severe enough you should have a mark, a cut condition first. Q. He was on compensation for total disability for some time after that; the injury was to the back and he was disabled for some time after that in addition, doctor, give us your opinion? A. This condition is classified as a chronic inflammatory condition. Q. Suppose he has some poison in the system when he meets a rush of coal; what would that do? A. I would suspect the spondylitis was there. Q. What effect would it have on it? A. Aggra-

vate it rather than cause it; providing the fall was sufficient to aggravate it. Q. I suppose [if] it was sufficient to keep him on compensation for total disability for several months, it would be sufficient to aggravate it? A. Yes, sir. Q. Think he is going to get well? A. The prognosis in these conditions is unfavorable to future cure; it has a tendency to progress until you find the site that is causing the trouble. Q. Was he able to return to any work when you dismissed him from the institution? A. I felt he could do something; the condition is in his back; he has two arms and two legs; he can do something with two arms and two legs if he keeps away from the back where the condition is.''

The witness was not given any data with respect to the extent of the rush of coal or what, if any, external injuries were inflicted on appellant.    To secure the assent of the witness to the proposition that, if the rush of coal ''was sufficient to keep him on compensation for total disability for several months, it would be sufficient to aggravate'' the spondylitis at that time does not assist to any material degree in answering the ultimate inquiry whether appellant's present partial disability is due to such aggravation or merely to the normal progression of the disease with which he is afflicted.    That the injury caused an acute condition which totally disabled appellant for several months, and partially for several additional months, is not controverted, but he has been compensated for that disability.    The only evidence relative to the circumstances of the original injury was that of appellant's foreman, who stated: ''Q.    Remember the character of injury he had sustained? A. Injury across the small of the back as far as I could see; it was blocked there and went through the chutes into the workings; they had to push to get it started and then it would carry on sheet-iron. Q. That was where he was moving that coal when he got hurt? A. Yes, sir, there

was a rush come down and there was a lump in this fine coal and caught him across the back. Q. Was he bruised? A. No opening that we could see." During the cross examination of Dr. Roth, in reply to the question "And if the injury was not severe enough to leave marks upon his back, could it have caused the back condition that you have found from the X-ray?" said, "This is a chronic spondylitis occurring over some time and as I testified before that I feel the injury had aggravated the chronic spondylitis." The learned counsel for appellant argues that this is an expression of an opinion sufficient to meet the requirements of the rule. If this testimony had not been materially modified later there might be some basis for this contention (Jones v. Philadelphia and Reading C. and I. Co., 285 Pa. 317), but it is largely neutralized, so far as the rule is concerned, by a subsequent answer of the witness which, as we understand his testimony, may fairly be said to be a summing up of his conclusions. This testimony reads: "Q. This opinion you gave, the injury he had was an aggravation of a chronic condition; is that a possibility or is it most probable? A. It could be accepted that he had a chronic condition there and had an aggravation from injury." The question at issue was not merely whether the injury had aggravated the chronic disease but more particularly whether the partial disability then present resulted from such aggravation rather than from the natural development of the spondylitis. It is not enough, even under the rule as laid down in Mauchline v. State Insurance Fund, 279 Pa. 524, to which the attention of the board was called by the court in the opinion hereinafter referred to, for the witness to say, as he did here, that "it could be accepted" that appellant's present disability is attributable to an aggravation of the chronic condition. Moreover, the rule is drawn even more strictly in Vorbnoff v. Mesta Machine Co., supra.

On August 26, 1924, the referee made the present award and in his third finding of fact, after referring to appellant's confinement in the Miners Hospital, stated: "An X-ray examination here revealed a spondylitis. This seems to have been present to a more or less degree before the injury and was aggravated and made more progressive by it." On January 13, 1925, the board, evidently feeling that the medical testimony was unsatisfactory, directed the referee to have a competent and impartial physician examine appellant and testify to his conclusions. Dr. J. G. Striegel was appointed and at his instance additional X-ray pictures were taken. At a further hearing on May 4, 1925, Dr. Striegel, after testifying that appellant's condition was due to spondylitis and that the X-ray pictures taken at the time of the injury showed practically the same condition as did those taken in 1925, was asked the question "If he had the spondylitis and was injured, would the injury have aggravated that condition and led to his disability?" to which he answered, "The injury might aggravate the condition," and stated further that "from his history it would appear it would." No additional findings were made by the referee. On June 10, 1925, the board without making any formal findings of its own approved the award. Upon appeal by the employer Judge BERGER filed an opinion for the Court of Common Pleas of Schuylkill County, in which he pointed out, inter alia, that neither in the findings of the referee nor in the opinion of the board could there be found "a distinct statement or declaration that the spondylitis which the claimant had was so aggravated by the compensable injury which he sustained, that the aggravation of the spondylitis is the most probable cause of the claimant's present disability," and on December 14, 1925, remitted the record to the board for further hearing. In this opinion the board was advised with respect to the character of medical testi-

mony necessary to sustain an award in cases of this kind. Dr. Roth was not again called but, by direction of the board, this question was submitted to Dr. Striegel "Please state, considering all the attending data, whether, in your professional opinion, the spondylitis which the claimant had when he was injured was so aggravated by the injury as to make the aggravation of that disease by the injury the most probable cause of his present disability? Your answer need not be in absolute terms but should be stated, as the Court requires, 'clearly and unequivocally.' What is your opinion, doctor?" The first answer of the witness was not responsive and the question was repeated in this form "Having in mind that the man worked regularly before this injury and he did meet with this injury, admitting he had spondylitis before, whether or not in your opinion that injury aggravated the spondylitis and resulted in subsequent disability?" The answer was "I would say it did not." The board, stating in an opinion filed by it, that the answer of Dr. Striegel was "not altogether clarifying" again reviewed the testimony of Dr. Roth; re-affirmed the referee's original findings of fact; and added to the third finding (to which we have referred) its own finding to the effect that the claimant's then existing partial disability was due to an aggravation of the chronic spondylitis. Upon appeal President Judge BECHTEL of the court below held, in an opinion reviewing the whole case, that the testimony relied upon by the board "is insufficient to support the findings of fact" and accordingly reversed the award of compensation.

In the performance of our duty we have carefully examined "the proofs to see whether legally competent evidence is present on the record to support the findings on which the award rests." We have not been able to find in the record any unequivocal statement by a witness competent to render an opinion upon the

subject, that "in his professional opinion the result in question [the present partial disability] came from the cause alleged [an aggravation of the chronic spondylitis by the injury]." Disregarding, for the purposes of this inquiry, the adverse opinion of Dr. Striegel, a majority of our members have concluded that the most that can be said of Dr. Roth's testimony is that it is an expression of his opinion that the present disability might have or could have resulted from the cause alleged. This is not sufficient (Vorbnoff v. Vesta Machine Co., supra,) and the court below did not err in reversing the award.

The judgment is affirmed.