Weirzhanski, Appellant, *v.* Certain-Teed Products Corp. et al.

Argued November 21, 1928.

Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

356

*Michael J. Geraghty,* for appellant.—Claimant met the burden of proof that injury was due to an accident in the course of employment: Sznitko v. Maher & Graff Coal Co., 93 Pa. Superior Ct. 463; Schott v. Pennsylvania Railroad Co., 76 Pa. Superior Ct. 582; Stahl v. Watson Coal Co., 268 Pa. 452; Smith v. Phila. & Reading Coal & Iron Co., 284 Pa. 35; Wiltbank v. Fire Association of Philadelphia, 293 Pa. 206; Davis v. Davis, 80 Pa. Superior Ct. 343.

*Thomas Raeburn White,* of *White, Parry, Schnader & Maris,* for appellees.—The findings of the Workmen's Compensation Board were supported by competent and convincing evidence: Vorbnoff v. Mesta Machine Co., 286 Pa. 199.

OPINION BY TREXLER, J., March 1, 1929:

This was an action brought by the appellant under the Workmen's Compensation Act to recover compensation for the amputating of appellant's left leg, as well as for injury to the great toe of his left foot.

While in the employ of the defendant company, he was carrying on his left shoulder a sixty pound weight of linoleum which fell, striking his left leg and then his left toe. He went home after the accident, returned to his work on the following day, remained about an hour and since then has been unable to work. The accident occurred on the 10th of May. On the 20th of May, he was removed to a hospital and on the 8th of June, his left leg was amputated.

The referee awarded him full compensation and upon appeal to the Workmen's Compensation Board, the order was reversed, the doctor's bill being the only item allowed. In falling the linoleum struck the left knee and then crushed plaintiff's toe. The plaintiff's

account of the accident is not very consistent. His petition states that the linoleum fell on his left foot. The claimant when asked what happened to him stated, "I was taking a roll of linoleum on my shoulder and slipped and it fell on the big toe of the left foot, crushing the toe and blood poisoning set in and went up to the thigh." (Sic.) In response to the question "What part of his body did it strike first when falling," he answered, "It just slipped down on to his toe." "It fell on his knee and then his toe." Further on he said his toe was hurt and from that his whole leg ached.

The claimant was treated by a physician on May 11th, that was the day after he was hurt, although his petition stated that he was injured on May 3rd. The doctor found some involvement of the knee joint. The leg was swollen and inflamed. On May 13th, another doctor examined him. The toe was bruised and the nail was off. There were two incisions at the knee concerning which claimant informed the doctor that he had been operated on nine years before for a tubercular condition, but said nothing further about the condition of his knee. The first doctor testified that an accident as described by the claimant could cause the condition, but did not say that it did cause it. The second doctor called said there was no connection between the injury to claimant's toe and the diseased condition which necessitated the amputation of the leg. When he saw the claimant, the toe was practically healed.

The board found that the condition in claimant's knee did not result from an accident sustained while in the course of his employment and did not result from the injury to his toe, nor was the condition aggravated by any injury. There seems to have been enough in the case to warrant this finding. It is a close case, but it is not for us to determine the facts. The conclusion of the board was supported by compe-

tent evidence and this being so, as suggested by the lower court, the finding of the commission of the board cannot be disturbed: Luckenbill v. P. & R. Coal & Iron Co., 93 Pa. Superior Ct. 438; Vorbnoff v. Mesta Machine Co., 286 Pa. 199.

There is a mistake in the opinion of the chairman of the board in his reference to the finding of the referee. He states the referee found that the roll of linoleum slipped and struck the claimant on the right knee. The uncontradicted testimony is that it struck his left knee. However, the reading of the remainder of the opinion shows that the knee referred to was on the same leg as the injured toe.

The judgment of the lower court is affirmed.