## Rossiter v. Becker, Smith & Page et al.

*Thomas M. J. Regan,* for claimant; *Louis Wagner,* for defendant.

PARRY, J., October 24, 1932.—This is an appeal from a decision of the Workmen's Compensation Board affirming an award by the referee who found that the claimant met with an accident in the course of his employment, in that while standing in front of a chest in which he was putting some tools the lid fell and pinched the flesh of his leg without breaking the skin. The injury appears to have been regarded by the claimant as a superficial bruise, for the pain that he subsequently felt he did not attribute to the accident. When examined by a surgeon, some six or seven weeks later, he was found to be suffering from a disease of the bone known as osteomyelitis, and the case is before us on the single question whether the medical evidence is sufficient to support a finding of causal relation between the accident and the claimant's disability.

Expressions may be found in the doctor's direct testimony which, taken alone, seem to support the notion that he thought the accident caused the disability, but since it appeared on his cross-examination that such an opinion must be reached by assuming a fact which was unlikely and of which there was no evidence at all, such expressions cannot be considered as legally competent evidence.

The doctor said that a blow might, depending on its severity, lower the resistance of the bone sufficiently to permit an organism floating in the blood to lodge there and cause an abscess, and that he could not help but feel that the blow was at least indirectly responsible for the condition, although he thought that a very dangerous statement for him to make. When, however, he was directly asked what was the connection between the accident and the condition which he found six or seven weeks after it was said to have occurred, he frankly answered that he did not know. When asked to give his professional opinion as to whether the accident aggravated a preëxisting condition, he said that it could very well do so. Finally, in response to the question whether, in his opinion, it did or did not in this particular case, he answered "Yes."

Upon cross-examination, however, the doctor admitted that before reaching the conclusion that trauma in this case was an aggravating factor he would have to assume that the force of the blow reached to the bone, but as

the description he had of the accident showed that the soft tissues merely were pinched, he thought it unlikely that the blow had affected the bone.

"Q. If the force of the trauma did not reach into the bone, Doctor, then it wouldn't be reasonable in assuming the blow as an aggravating factor, would it? A. No. . . . Q. And your opinion is that it is unlikely, as you understand the accident, that the force of the blow did reach into the bone? A. I think that is down in the record. Q. If it is in the record, it stands as your opinion that you deem it as unlikely? A. That is what I said three times, I think. . . . Q. And having conceded now it is your opinion that in this case it is unlikely the force did reach to the bone, why do you account the accident as a factor in this case? A. I haven't accounted the accident a factor in this case specifically. . . . Q. But in your opinion, that is what you are concerned with in this case, do you have any opinion as to whether the accident was or was not an aggravating factor? A. It is likely that it could be; that is as far as I can go. Q. You don't care to go as far as saying in your opinion it was? A. I do not. I have said that three times."

It is obvious that when he first expressed an opinion on the subject the doctor had failed to take into consideration all the attendant data, and upon the whole his testimony amounts to no more than a statement in the alternative as follows: If the force of the blow affected the bone, which is in my opinion unlikely, the accident probably aggravated the disease. If, as seems likely, the bone was not affected by the blow, the accident cannot be considered a factor.

Obviously, evidence of this character falls far short of the standard established by Mudano v. P. R. T. Co., 289 Pa. 51, Mauchline v. State Insurance Fund, 279 Pa. 524, Luckenbill v. Philadelphia and Reading Coal and Iron Co., 93 Pa. Superior Ct. 438, Howell v. St. Clair Coal Co., 95 Pa. Superior Ct. 310, and Varner v. Lorain Steel Co., 96 Pa. Superior Ct. 336.

We think the evidence incompetent, but the question then arises of the disposition of the record, and this does not appear to us to be free from doubt. The language of the statute requires the court to remit the record to the board for further hearing and determination where appellant's exceptions to a finding of fact are sustained: Act of June 26, 1919, P. L. 642, Sec. 427. This language has frequently been construed judicially, but has not been held to require the court to remit the record when the reversal is on the ground of an erroneous conclusion of law.

In Vorbnoff v. Mesta Machine Co. et al., 286 Pa. 199, 210, it is held that:

"Where, despite the opportunities afforded by the Workmen's Compensation Law, no relevant evidence at all is produced to sustain a particular finding, the courts are not obliged to return the record to give the one bearing the burden of proof a further opportunity to establish his case. That is to say, the courts are not always obliged, when they reverse the compensation board, to return the record to that body for further hearing."

While it is true that the referee, under the heading "findings of fact," gave an inaccurate and misleading statement of the medical testimony, and this was properly the subject of complaint before the board, the case is before us on the single question: That the medical evidence is insufficient in law to establish any causal connection between the accident and the disability, and the board erred in holding that it was sufficient. This we think is purely a question of law, and while the language of some of the opinions which discuss the subject seems, if taken generally, to point to a contrary conclusion, it appears to us that the case is controlled by Berlin v. Crawford, 86 Pa. Superior Ct. 283, 288, in which Gawthrop, J., said:

"Appellant urges that the court below sustained exceptions to a finding of fact and reversed the action of the board founded thereon, and that section 427, of article four, of the Act of June 26, 1919, P. L. 642, 665, requires that 'if such court (of common pleas) shall sustain the appellant's exceptions to a finding or findings of fact and reverse the action of the board founded thereon, the court shall remit the record to the board for further hearing and determination.' The answer to this argument is that the reversal was upon a question of law. It was stated in Riley v. Carnegie Steel Co., 276 Pa. 82, 87, that the provision of the Compensation Act of 1919, quoted, is intended to afford the claimant a full opportunity to prove every fact favorable to the claim. Clearly, the provision has no application when the reversal is on the ground of an erroneous conclusion of law by the board, and the learned court below did not fall into error when he stated that he was not disturbing the facts, but was holding the conclusions of law erroneous."

The medical testimony here appears to us to be altogether inconclusive. It may be accepted unreservedly and it neither establishes nor tends to establish anything material to the crucial question of causal connection. Upon motion, it might have been stricken out. We find no evidence at all to sustain the conclusion reached by the board that it was sufficient to establish causation.

We, therefore, sustain the defendant's exceptions to the decision of the Workmen's Compensation Board and direct that judgment be entered for the defendant.