Petricka v. Glen Alden Coal Company, Appellant.

Argued October 27, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*J. H. Oliver*, and with him *Franklin B. Gelder*, for appellant.

*E. C. Marianelli*, for appellee.

Opinion by Trexler, P. J., January 25, 1933:

This is a compensation case. The claimant was employed as a coal miner, and when engaged in the breaking of a big stone a piece of rock as large as the end of his finger hit him in the left eye. The eye became

bloody. He received medical attention the next day and the eye hurt him and "leaked." It was all right before the accident and never gave the plaintiff any trouble. He never required the use of glasses. He worked 18 years at the Glen Alden Mines without any eye trouble. He has been unable to work since the accident. There were four doctors called, and there is a wide divergence in the testimony between those called by the defense and the one who testified for the plaintiff. The point of difference arose in this fact that there is testimony to the effect and not contradicted that the claimant was suffering from senile cataracts in both eyes before the accident. The doctors called in behalf of the defendant testified that the lodging of the particle of stone in the eye merely affected the organ locally and did not impair the vision, that the injury healed in a day, and that the alleged injury had nothing to do with the present condition of the eye. The doctor produced by the plaintiff testified that in his opinion that, although the cut seemed superficial and small, the blow or trauma accompanying it aggravated the condition of the eye and caused the "dense cataract," and increased the impairment of vision sufficiently to prevent the plaintiff from any further industrial use of the eye. The case was heard and reheard and both of the referees who heard the testimony and the two boards who reviewed it decided in favor of the claimant and the lower court approved the finding. The appellant argues that there are inconsistencies in the testimony of claimant's physician and in its brief reviews at some length his narrative in order to show there was not competent testimony to sustain the finding of fact that there was loss of vision due to the accident. If there is competent evidence to support the finding it is not within our province to weigh the testimony, and by reason of some alleged divergence from a consistent narrative, discredit it. Moreover, the charge that the doctor wav-

ered in his opinion is not well founded. The defendant's counsel assumed in his hypothetical question certain facts which do not appear in the testimony at all. It can readily be understood that after an opinion as to the cause of claimant's disability is given by an expert to whom the facts in the case have been presented, he may qualify his conclusion if opposing counsel is given liberty to interject questions based upon the assumption of facts which do not appear in the case. The conclusion reached by claimant's doctor on the evidence actually presented was positive to the effect that the accident aggravated the existing condition. What his conclusion would be if the facts were different is of no value. An important element in the case is the fact that the claimant could work up until the time of the accident, and apparently was not aware of any impairment of vision, and that after the accident he was unfitted to do any work. The referee had a right to believe the plaintiff's doctor and we see no reason for questioning the correctness of his decision, for it was supported by competent evidence. There was sufficient testimony to support the conclusion that the blow on the eye accelerated the development of the cataract and the impairment of vision followed as a result. Bakunas v. P. & R. C. & I. Co. 78 Pa. Superior Ct. 175; Luckenbill v. P. & R. C. & I. Co., 93 Pa. Superior Ct. 438. We cannot substitute our opinion for his.

The judgment is affirmed.